294 So.2d 63 (1974)
Ruth Zimmerman BERNSTEIN, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 73-948.
District Court of Appeal of Florida, Third District.
April 9, 1974.
Rehearing Denied May 21, 1974.
Horton & Perse and Arnold R. Ginsberg, Fuller, Brumer, Moss, Cohen & Rodgers, Miami, for appellant.
Stephens, Magill, Thornton & Sevier and James D. Acosta, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals an adverse final judgment entered in favor of the defendant-appellee in an action to confirm an arbitration award.
On March 1, 1971 while operating a vehicle which was insured by the defendant, Liberty Mutual Insurance Company, plaintiff became involved in an automobile accident with an uninsured motorist and thereby sustained serious injuries. The defendant insurance company admitted coverage but disputed the amount thereof. Plaintiff contended that pursuant to the terms of her policy issued in 1967, the amount of her uninsured motorist coverage was $20,000 single limit. Defendant-appellee claimed that plaintiff's coverage was limited to $10,000 per person/$20,000 per accident (10/20) at the time of the accident as a consequence of defendant's implementation of Florida's new Financial Responsibility Laws previous thereto. The parties *64 proceeded to arbitration and as a result thereof, plaintiff was awarded $15,000 plus costs. Defendant-appellee paid plaintiff $10,000 plus the costs, but refused to pay the remaining $5,000 as the company still insisted that at the time of the accident plaintiff's UM coverage was 10/20. Subsequently, plaintiff filed suit to confirm the arbitration award. The cause was tried non-jury and the trial judge entered judgment in favor of the defendant insurer. Plaintiff takes this appeal therefrom.
We find merit in appellant's second contention on appeal that the evidence adduced at trial in support of the defendant's claim of notice to the plaintiff of reduction of uninsured motorist coverage was insufficient as a matter of law and therefore we reverse.
An examination of the record reveals that plaintiff testified that she received no notice of her uninsured motorist coverage being reduced in November 1970, but did receive a notice of premium due requiring her to pay the same or possibly a higher premium for the decreased coverage. A salesmanager of the defendant testified with regard to this issue of notification that the company had mailed out to each policyholder a notice of its compliance with the new Florida Financial Responsibility Law. Other than the above procedure, defendant presented no other proof that the plaintiff had received notice of a decrease in her uninsured motorist coverage except for the fact that she paid her premium. The bare testimony as to the defendant's practice of its mailing out to each policyholder a notice of the insurer's amending the uninsured liability limit of his (her) policy to conform with the financial responsibility limit of the state where the policyholder resides without any additional evidence that the plaintiff in the instant action specifically received such notification, does not constitute sufficient proof of notice. For proof of practice, habit, or custom, alone, does not constitute proof of performance of an act on a specific occasion; there also must be some proof that the practice was followed in the particular instance in issue. See Jarrard v. Associates Discount Corp., Fla. 1957, 99 So.2d 272; Equitable Life Assurance Society of United States v. Wagoner, Fla.App. 1972, 269 So.2d 747.
The record further demonstrates that at no time was plaintiff advised as to her option to either maintain or obtain the coverage she originally had and thus, we find the notice insufficient in this respect also.
Accordingly, the judgment in favor of appellee insurance company is reversed hereby and the cause remanded to the trial court with directions to affirm the arbitration award.
Reversed and remanded with directions.