PER CURIAM.
Plaintiff appeals a summary final judgment entered in favor of defendant Allstate Insurance Company in his suit to recover benefits under policies issued by Allstate and Old Security Casualty Insurance Company.
Plaintiff, Heriberto Martinez, was a passenger in an automobile owned and operated by Georgina Tano. Georgina’s car was struck from behind by another vehicle whose driver left the scene of the accident. *787 At the time, Georgina’s vehicle was insured by defendant Allstate Insurance Company and plaintiff’s vehicle, although not involved in the accident, was insured by defendant Old Security Casualty Insurance Company. Following the accident, plaintiff sued both insurers for PIP benefits under the Florida Automobile Reparations Reform Act [§ 627.727, Fla.Stat., F. S.A.]. The trial judge granted defendant Allstate’s motion for summary judgment.
Plaintiff primarily contends that the trial judge erred in entering summary judgment for Allstate because, as a passenger, he is entitled to the PIP benefits under the driver’s insurance policy. We cannot agree.
We find that § 627.736(4) (d), which reads in pertinent part as follows, to be dispositive of this issue:
“(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
;fc jfs ^ H*
“4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
“a. The owner of a motor vehicle with respect to which security is quired under §§ 627.730-627.441,
In this case it is undisputed that plaintiff is not a resident or relative of the household of Georgina Taño and that plaintiff owned a vehicle as to which security is required under § 627.736, Fla.Stat., F.S.A. Thus, it is apparent that plaintiff, owner of a vehicle subject to the Florida Automobile Reparations Reform Act, is not entitled to PIP benefits under defendant Allstate’s policy.
We find plaintiff’s second point on appeal without merit.
Affirmed.