NATHAN, Judge.
In this action for declaratory relief, defendant Security Insurance Company takes these consolidated appeals from an adverse order granting summary judgment, and an order awarding attorneys fees. We are here concerned with the question of recovery of no-fault personal injury protection benefits by a non-resident passenger from the liability carrier of a resident owner when the non-resident passenger had a current automobile insurance policy (providing similar benefits) covering her own vehicle in a state which has no-fault personal injury protection benefits.
The plaintiff, Howgate, appellee herein, filed a complaint for declaratory relief in Dade County Circuit Court, naming as defendants, Security Insurance Company and State Farm Insurance Company. The complaint alleged that Security is a liability and no-fault personal injury protection insurance carrier for Judith Barrett; that State Farm is a liability and personal injury protection insurance carrier for Howgate, a resident of Texas who procured insurance in Texas for her automobile which is owned and operated there; that Howgate was injured in Dade County while riding as a passenger in the automobile owned and operated by Barrett; that Howgate sought payment of medical and other personal injury protection expenses from both Security and State Farm, but that neither assumes legal responsibility; that Howgate wants a judgment naming the policy and carrier which must provide insurance coverage.
When the cause was at issue, Howgate moved for summary judgment. The trial court granted summary judgment, and ruled that plaintiff be awarded coverage for personal injury protection benefits by both defendants; primary coverage by Security and excess by State Farm. Attorneys fees were awarded to plaintiff against Security.
On appeal, Security contends that the trial court erred in holding it liable for primary coverage where plaintiff was the owner of an automobile in Texas insured under a policy issued by State Farm which contains a provision for “personal injury protection” coverage; and where the “Exclusions” portion of Security’s personal injury protection endorsement provides that, “This insurance does not apply .
[t]o any person . . . who is entitled to personal injury protection benefits from the owner of a motor vehicle which is not an insured motor vehicle under this insurance . . . ”
Security relies on this court’s decision in Martiniez v. Old Security Casualty Insur *643 ance Company, 327 So.2d 786 (Fla. 3d DCA 1976), which involved an injured passenger claiming no-fault personal injury protection benefits under the driver-owner’s insurance policy, and held that the passenger was not entitled to personal injury protection benefits under the driver-owner’s policy, but was entitled to such coverage under the policy covering the passenger’s own car, which was not involved in the accident. Martinez is distinguishable on its facts, however, because unlike the plaintiff in the instant case, plaintiff Martinez was the owner of a vehicle subject to the Florida Automobile Reparations Reform (no-fault) Act. As provided in Section 627.736(4)(d),
“The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for . [accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle . . . provided the injured person is not himself:
(a) The owner of a motor vehicle with respect to which security is required under §§ 627.730-627.741 . . . ” (emphasis added)
In addition, Section 627.736(4), states that
“Benefits due from an insurer under §§ 627.730-627.741 shall be primary
We find that Howgate is not the owner of a motor vehicle with respect to which security is required under the Florida no-fault law, and therefore Security Insurance Company has primary coverage under its policy. The orders granting summary final judgment and awarding attorneys fees are affirmed.
Affirmed.