UNITED STATES of America, Appellee,

v.

Louis CIRILLO, Appellant.

No. 1059, Docket 77–1045.

United States Court of Appeals,
Second Circuit.

Argued April 25, 1977.

Decided April 28, 1977.

Michael A. Birch, Tempe, Ariz. (John Nicholas Iannuzzi, Hugh Anthony Levine, Iannuzzi & Iannuzzi, New York City, on the brief), for appellant.

Richard F. Lawler, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MANSFIELD, Circuit Judge, SMITH, Chief Judge,* and PALMIERI, District Judge.**

PER CURIAM:

After a jury trial in the Southern District of New York appellant was on April 25, 1972, found guilty of two counts charging federal narcotics offenses, one alleging conspiracy in violation of 21 U.S.C. §§ 846, 963, and the other possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(2), and 18 U.S.C. § 2. On May 25, 1972, he was, as a second offender, sentenced to two concurrent terms of 25 years imprisonment, to be followed by a special parole term of 10 years.

On November 22, 1976, appellant moved pursuant to F.R.Cr.P. 35 and 28 U.S.C. § 2255 to vacate his sentence as illegal on the ground that the information charging the prior conviction as a basis for second offender treatment was not filed prior to the trial of the second offense in 1972 as required by 21 U.S.C. § 851(a)(1).[1] After an

---

\* Of the United States District Court for the District of Montana, sitting by designation.

\*\* Of the United States District Court for the Southern District of New York, sitting by designation.

1. "§ 851. *Proceedings to establish prior convictions—Information filed by United States Attorney*

"(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ."

evidentiary hearing Judge Edward Weinfeld filed a memorandum decision and order denying the motion. We affirm.

Judge Weinfeld found that, although the district court clerk's filing stamp showed the date of filing of the information alleging the prior offense to be April 21, 1972, which was after commencement of the trial of the second offense, it had in fact been filed on April 12, 1972. This finding was amply supported by evidence, found by the district court to be credible, as to the circumstances surrounding the filing, including the mailing of the notice of the prior offense by the government to Cirillo's counsel on April 10, 1972 (before commencement of trial of the second offense), testimony of the Assistant U. S. Attorney in charge of the earlier case as to his practice in such matters, record evidence that on May 25, 1972, the U.S. Attorney directed the error to the court's attention, and the similarity between the numbers "12" and "21", which suggested that the digits had erroneously been transposed. Moreover, on May 25, 1972, Judge Weinfeld directed that the court record of the filing date be corrected to April 12, 1972, as requested by the U.S. Attorney, thus destroying any presumption of regularity that might otherwise attach to the court record as it stood before his order, and appellant failed thereafter for more than four years to question the timeliness of the filing.

Under the circumstances we cannot conclude that the district court's findings were clearly erroneous. See *United States v. Pfingst*, 490 F.2d 262, 273 (2d Cir. 1973); *Zovluck v. United States*, 448 F.2d 339, 341 (2d Cir. 1971), *cert. denied,* 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). Accordingly, it becomes unnecessary for us to decide whether or not the issue was one that could properly be raised by a petition filed under 28 U.S.C. § 2255.

The order is affirmed.