414 So.2d 1169 (1982)
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Robert E. JONES, Appellee/Cross Appellant.
No. 81-880.
District Court of Appeal of Florida, Fifth District.
June 9, 1982.
*1170 J. Craig Corbett of Parker, Johnson, Owen & McGuire, Orlando, for appellant/cross appellee.
James W. Sears of Butler, McDonald, Moon & Sears, P.A., Orlando, for appellee/cross appellant.
ORFINGER, Judge.
The sole issue for determination in this appeal is whether there was sufficient competent evidence presented upon which the trial judge could base his finding that the insured had been offered uninsured motorist coverage equal to his liability coverage, but had knowingly rejected those limits and had accepted a lower limit. We affirm.
At trial, the court had before it an application for insurance signed by appellee, providing for coverage for bodily injury liability of 25/50 and for uninsured motorist coverage of 15/30. Although imperfectly completed, the reference to 15/30 coverage in two places on the signed application is sufficient evidence of appellant's request for that coverage. What it does not decide is whether the appellant was offered this uninsured motorist coverage in the amount of his liability coverage, and knowing that he could purchase that amount, knowingly selected lower limits. The application, by itself, is not evidence that the higher limits were offered. See American Motorists Insurance Co. v. Weingarten, 355 So.2d 821 (Fla. 1st DCA 1978).
The policy had been issued three years prior to the trial, and while the agent who sold appellant the policy admitted that he could not recall the specific language of the conversation with appellant (an understandable situation although he remembered the transaction), he testified that he always, as a matter of routine, discussed uninsured motorist coverage with every insured, advised them that they had the right to purchase this coverage in an amount equal to their liability limits and gave the customer the right to accept that amount or reject that and purchase a lesser amount. He emphatically stated that he always followed this procedure with each customer, and that he was certain that he had followed that procedure in this case, and had offered appellant uninsured motorist coverage in an amount equal to his liability limits. Appellant denied that he had been informed of his right to purchase the higher limits.
Over objection, the trial court admitted the testimony of the insurance agent's invariable practice, and the admissibility of that testimony is the critical issue here, because without it, there would be no competent evidence that the higher limits were offered to the insured.[1]
*1171 Appellee relies on the rule of law articulated in Jarrard v. Associates Discount Corporation, 99 So.2d 272 (Fla. 1957), viz:
While practice, habit or custom may be admissible to show what occurred in a specific instance, and may form the basis of an inference, the probative value thereof must depend on the facts of each case. To be admissible the usage must have sufficient regularity to make it probable that it would be carried out in every instance. Further, it is our view that in order to constitute proof of performance of an act on a specific occasion, it is not sufficient merely to prove the habit, practice or custom, but there must also be some proof that the practice was followed in the particular instance in issue, and the evidence should show performance of the practice by those then charged with it. (emphasis supplied).
Whether we apply the Florida Evidence Code or the prior case law, we come to the conclusion that the rule was satisfied here. Not only was there testimony that it was the unfailing practice of the business to offer the required uninsured motorist limits, but there was testimony that the practice was followed here. True, the witness testified that he could not recall the exact language of a conversation that took place more than three years prior to trial, but he was positive that he followed his unfailing custom. This satisfied the rule that there be some proof that the practice was followed in the specific instance.[2] The current statute requires no corroboration, so under either view, the evidence is admissible.
There being competent, substantial evidence to support the findings of the trial judge, whose function it was as trier of fact to determine its credibility, the final judgment is
AFFIRMED.
FRANK D. UPCHURCH Jr., and COWART, JJ., concur.
NOTES
[1] Neither at the trial level nor on appeal did either party mention or rely on section 90.406, Florida Statutes (1979), The Florida Evidence Code, which reads as follows:

Evidence of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice.
This cause of action accrued following an auto accident on September 9, 1979, so the Florida Evidence Code would appear to apply here.
[2] See Brown v. Giffen Industries, 281 So.2d 897 (Fla. 1973), where the Supreme Court appears to abolish the rule requiring corroborating evidence that a customary practice was followed in a given case. Perhaps this holding is in recognition of the position that if one can prove by direct testimony what was done in a given case, proof of habitual practice is not necessary to submit the issue to the trier of fact although it might be helpful in strengthening the direct testimony. The issue before us here is not credibility, but admissibility.