PER CURIAM.
Lumbermens Mutual Casualty Company appeals an adverse final judgment entered below in a declaratory decree action. The trial court declared that the personal injury protection deductibles were- invalid in the insurance policy which had been purchased by the insured Jose and Adelma Herrera from Lumbermens Mutual Casualty Company. The record affirmatively establishes that the agent who sold the insurance policy to the Herreras offered no oral explanation concerning the PIP deductibles, that the Herreras had no other applicable coverage, and that the Herreras did not inform the agent of this fact. The insured Jose Herrera did, however, sign a Spanish document at the time he purchased the subject PIP insurance. Translated into English,[1] this document reads:
*302 “According to the information which was given to you and instructions, we are processing an application, an insurance application for personal insurance protection, PIP, with a deductible of $4,000, which should be covered by you or by some other kind of insurance before the benefits of the PIP, before they start to be effective.” R. 31
We hold that this document fails to satisfy the statutory duty imposed upon the insurer to explain PIP deductibles under Section 627.739(1), Florida Statutes (1981), which reads:
“(1) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, $2,000, $3,000, $4,000, $6,000 and $8,000, said amount to be deducted from the benefits otherwise due each person subject to the deduction, and shall explain to each applicant or policyholder that if they have coverage under private or governmental disability plans, they may avail themselves of deductibles or other modifications as provided in subsections (1), (2), and (3).” (emphasis added)
The subject document in no way indicates to the insured, as required by law, that he may purchase PIP deductibles only if he has other applicable insurance coverage under private or governmental disability plans which insures him to the extent of the PIP deductible amount. Moreover, no oral explanation of these PIP deductibles was ever given to the insured. Absent such an explanation as required by statute, it is clear that PIP deductibles may not be sold and that such deductibles are invalid when, as here, the insured has no other duplicate insurance to cover the said deductibles. See Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28 (Fla. 3d DCA 1981). The final judgment under review is, accordingly,
Affirmed.

. At his deposition, the insured Jose Herrera paraphrased, in Spanish, the Spanish-language document he had signed, and the translator rendered his words in English for the record. *302 This is the only translation of that document presented in the record.