443 So.2d 279 (1983)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Optimio ALVAREZ, Appellee.
No. 83-1602.
District Court of Appeal of Florida, Third District.
December 20, 1983.
Rehearing Denied February 1, 1984.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Bradford A. Thomas, Miami, for appellant.
Jerome S. Reisman, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the summary judgment entered in favor of Alvarez upon a holding that the uncorroborated testimony of the president of the insurance agency concerning the agency's standard and unwavering practice in taking applications for automobile insurance raised a genuine issue of *280 material fact to be resolved by the jury as to whether the practice was followed at the time Alvarez applied for insurance.
In February 1980, Alvarez applied for automobile insurance at Almerico Insurance Agency, the insurance policy ultimately being issued by the appellant, Lumbermens Mutual Casualty Company. The policy contained an $8,000 deductible under the required personal injury protection coverage. During the term of the policy, Alvarez was allegedly involved in an automobile accident in which he was injured. When Lumbermens refused to pay Alvarez for any damages below the deductible amount, he sued, claiming, inter alia, that the personal injury protection deductible was invalid because the insurer failed to satisfy the duty imposed upon it by Section 627.739, Florida Statutes (1979), to inform Alvarez that he could not avail himself of the deductible unless he had other applicable coverage. See Lumbermens Mutual Casualty Co. v. Herrera, 439 So.2d 301 (Fla. 3d DCA 1983); Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28 (Fla. 3d DCA 1981), aff'd, 447 So.2d 1337 (Fla. 1983).
Alvarez moved for summary judgment on liability, relying on his sworn unequivocal denial that the person who took his application for insurance explained to him that the deductible was available only if he had other coverage. Lumbermens countered with the deposition testimony of Mr. Almerico, the president of the insurance agency, which reflected that it was the agency's standard practice and procedure in February 1980 (a) to ask all applicants if they have other insurance coverage, (b) to inform the applicant that he could elect an appropriate deductible if the applicant stated that he has such coverage, and (c) to inform the applicant that the agency would not procure a policy containing a deductible if the applicant stated that he has no collateral insurance coverage. The trial court entered summary judgment for Alvarez, implicitly determining that Almerico's testimony was insufficient to present an issue of fact as to whether Alvarez was given the advice which Section 627.739 requires, since Almerico was unable to state that the standard practice and procedure of the agency was followed in the particular instance when Alvarez applied for insurance.
We are of the view that the rule first announced in Jarrard v. Associates Discount Corp., 99 So.2d 272, 278 (Fla. 1957), that "in order to constitute proof of performance of an act on a specific occasion, it is not sufficient merely to prove the habit, practice or custom, but there must also be some proof that the practice was followed in the particular instance in issue, and the evidence should show performance of the practice by those then charged with it," if not abrogated sub silentio in Brown v. Giffen Industries, Inc., 281 So.2d 897, 900 (Fla. 1973) (a general presumption exists that the ordinary course of business or conduct in respect to mailing was followed in a particular case absent a contrary showing), was effectively done away with in 1979 with the enactment of Section 90.406, Florida Statutes (1979).[1] That section, applicable here, provides:
"Evidence of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice."
*281 The impact of Section 90.406 on the case at hand is that Almerico's testimony as to the routine practice of the insurance agency is not to be disregarded, as it was below, merely because it is uncorroborated and indeed is contradicted by Alvarez's "eyewitness" denial; instead, Almerico's testimony is to be weighed and considered by the trier of fact as any other type of evidence. Alvarez's direct proof is not superior, as a matter of law, to Almerico's circumstantial proof. While concededly Almerico's testimony as to the routine practice establishes no presumption that it was followed in a particular instance, it is nonetheless sufficient to support an inference by the trier of fact that the practice was followed on the particular occasion in question, notwithstanding that Alvarez's testimony directly contradicts such an inference. See Meyer v. United States, 638 F.2d 155 (10th Cir.1980) (under counterpart Federal Rule 406, testimony that it was government dentist's habit, custom and routine to inform all patients of certain risks involved in the extraction of third molars sufficient to raise inference that he so advised plaintiff despite no direct testimony to that effect and plaintiff's denial that she was so advised); Bloskas v. Murray, 44 Colo. App. 480, 618 P.2d 719 (1980), rev'd on other grounds, 646 P.2d 907 (Colo. 1982) (same, where, under like state rule of evidence, testimony was that it was surgeon's habit, custom and routine to inform patients of risks associated with replacement of joint); Envirex, Inc. v. Ecological Recovery Associates, Inc., 454 F. Supp. 1329 (M.D.Pa. 1978), aff'd mem., 601 F.2d 574 (3d Cir.1979) (under Federal Rule 406, testimony that it was Envirex's routine business practice to send entire proposal to all general contractors with which it contracted, including page containing conditions which Ecological denied receiving, sufficient by itself to prove that page was sent as part of the proposal). See also Amoco Production Company v. United States, 619 F.2d 1383 (10th Cir.1980); United States v. Cirillo, 425 F. Supp. 1254 (S.D.N.Y.), aff'd, 554 F.2d 54 (2d Cir.), cert. dismissed, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); United States v. Sorrell, 473 F.2d 1054 (7th Cir.1973) (dissenting opinion); State v. Van Sickle, 434 A.2d 31 (Me. 1981).
Therefore, there being a genuine issue of material fact to be resolved by the jury as to whether the routine practice to which Almerico testified was followed when Alvarez applied for insurance, the summary judgment for Alvarez must be set aside, and it is, accordingly, reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] In light of this controlling provision of the evidence code, we need not concern ourselves with whether, as has been suggested, see Nationwide Mutual Insurance Co. v. Jones, 414 So.2d 1169, 1171 n. 2 (Fla. 5th DCA 1982), Brown v. Giffen Industries abolished the Jarrard rule requiring corroborating evidence that a customary practice was followed in a given case or, as has been noted, see 5 C. Ehrhardt, West's Florida Practice-Florida Evidence, § 406.1, 89 n. 2 (1977), Jarrard and Brown merely represented two conflicting lines of authority from which lower courts might and did choose, compare Alexander v. Allstate Insurance Co., 388 So.2d 592 (Fla. 5th DCA 1980); Bernstein v. Liberty Mutual Insurance Co., 294 So.2d 63 (Fla. 3d DCA 1974); Equitable Life Assurance Society of the United States v. Wagoner, 269 So.2d 747 (Fla. 4th DCA 1972) (following Jarrard rule) with Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545 (Fla. 3d DCA 1974), cert. denied, 310 So.2d 744 (Fla. 1975) (following Brown rule).