SCHWARTZ, Chief Judge.
We adhere to the holding of Johnson v. Prudential Property & Casualty Ins. Co., 365 So.2d 441 (Fla. 3d DCA 1978) that the exclusion of a non-owner of a vehicle from the personal injury protection coverage of the owner’s carrier which arises under Sec. 627.736(4)(d)4 b., Fla.Stat. (1981)[1] when she is “entitled to personal injury benefits from the insurer of the owner ... of ... another] motor vehicle” is not affected by the fact that the latter policy is subject to a deductible as provided by Sec. 627.739. Farley v. Gateway Ins. Co., 302 So.2d 177 (Fla. 2d DCA 1974), Protective Nat’l Ins. Co. of Omaha v. Bergouignan, 335 So.2d 871 (Fla.3d DCA 1976), and Security Ins. Co. v. Howgate, 343 So.2d 641 (Fla.3d DCA 1977), upon which the claimant relies, are entirely distinguishable since, unlike the present situation, no valid Florida policy covered the claimant and neither of the statutory exclusions applied. Any claim of the appellant concerning the impropriety of the deductible itself is properly directed against her own p.i.p. carrier under Industrial Fire & Casualty Co. v. Kwechin, 447 So.2d 1337 (Fla.1983)[2] rather than the present insurer.
Affirmed.

. § 627.736(4)(d). The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.7405; or
b. Entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle.

. And its possible implications. See also, Lumbermens Mutual Casualty Co. v. Herrera, 439 So.2d 301 (Fla. 3d DCA 1983).