PER CURIAM.
State Farm appeals from an order granting summary final judgment in favor of the appellees and denying its motion for summary judgment. The trial court’s judgment declared that appellees had uninsured motorist coverage with appellant of $100,-000 per person and $300,000 per occurrence predicated “solely on the interpretation of Florida Statute § 627.727 as well as the language contained in STATE FARM’S premium notice.”
At the time material to this appeal, section 627.727(1), Florida Statutes (Supp. 1980), required, in pertinent part, that:
Each insurer shall at least annually notify the named insured of his options as to coverage required by this section. Such notice shall be part of the notice of pre *105 mium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the Department of Insurance.
State Farm notified its insured on a semiannual basis as to the options available under the Florida Uninsured Motorist Law. The premium notice, which had been approved by the Florida Insurance Commissioner and which was duly sent to and received by State Farm’s insured, provided:
UNINSURED MOTOR VEHICLE COVERAGE OPTIONS
Florida Law gives you the right to select the limits for Coverage U, Uninsured Motor Vehicle Coverage. Coverage U may be carried with any available limits up to your bodily injury liability limits or up to $100,000/$300,000, whichever is higher. You also have the right to reject coverage U.
Please contact your State Farm Agent for further details.
The portion of the notice which was to be returned with payment also contained language, printed all in capital letters, which was identical to the above, except that the heading was omitted and the word “option” was substituted for “right”: “You also have the [right] to reject coverage U.”
Appellees’ contention in their lawsuit and on appeal is that State Farm’s premium notice failed to provide a means to allow the insured to request uninsured motorist coverage because it did not contain “boxes” which could be checked-off by an insured to select particular coverage options. They argue, and the trial court implicitly found that, as a matter of law, the language which directs an insured to “contact your State Farm agent for further details” does not meet the requirements of section 627.-727(1), Florida Statutes. We can not agree.
We hold that the premium notice, which had been approved by the Florida Commissioner of Insurance, satisfied the requirements of section 627.727(1). Accordingly, we reverse the trial court’s ruling that it did not. Our holding similarly necessitates reversal of the court’s declaration that ap-pellees had uninsured motorist coverage with State Farm of $100,000/300,000.[1]
Upon remand, the trial court is directed to enter summary judgment in favor of appellant.
Reversed and remanded, with directions.

. Uninsured motorist coverage with limits of $10,000/$20,000 was selected by the insured and will therefore apply in lieu of the limits declared by the trial court.