# INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA v WEISS, etc.

## Case No. 85-066 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 6, 1987

### APPEARANCES OF COUNSEL

**Richard A. Sherman** and **Rosemary B. Wilder** for appellant.
**Steven K. Deutsch** for appellee.

Before SALMON, KAYE, GREENBAUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal by the Insurance Company of the State of

Pennsylvania from a decision of the County Court. The issue presented is whether Appellee, Monroe Weiss, as father and natural guardian of Robert Henry Weiss, a minor, is entitled to personal injury protection benefits from the Insurance Company of the State of Pennsylvania who has insured another party.

There are no disputes as to the facts in this case. One of the prime considerations in the understanding of collateral insurance is the requisite that the insured understand the nature of a deductible, i.e., that portion of the insurance coverage that is allocated to the insured and at what time the insurer picks up the coverage. In the case of *Lumberman's Mutual Casualty Co. v. Herrera,* 439 So.2d 301 (Fla. 3d DCA 1983), where the personal injury protection deductibles were not fully explained to the insured, the P.I.P. deductibles were held invalid. In the instant case, the father never questioned that he had P.I.P. deductibles and collateral coverage. More importantly, the indisputable fact is that the father decided, after being fully informed, to have a $2,000.00 deductible. This was his own unilateral and singular act. The fact that he did have other benefits is evidenced by his own other insurance.

Donald Kohner's vehicle was insured by Insurance Company of the State of Pennsylvania. This appellant vehicle was involved in the accident and Robert, a minor, incurred medical expenses of $1,079.45.

The sole issue on appeal is whether Weiss' deductible of 4d2,000.00 rendered him uninsured or self-insured. If uninsured, then the Appellee can seek P.I.P. benefits from another party's insurer, Insurance Company of the State of Pennsylvania. See Sec. 627.736, Florida Statutes.

If self-insured, then the Appellee would be personally accountable for the expenses incurred up to the amount of the deductible.

In *Industrial Fire and Casualty Insurance Company v. Kwenchin,* 447 So.2d 1337 (Fla. 1983), it was held that an insurer who sells an insured a personal injury protection policy containing deductibles, knowing that the insured *does not* have other collateral insurance or benefits, is liable to the insured as if the policy contained no deductible.

*Johnson v. Prudential Property and Casualty Insurance Company,* 365 So.2d 441 (Fla. 3d DCA 1983), involves an issue similar to the issue at bar. The Court held that section 627.739, F.S., precluded recovery by the father on behalf of his daughter for the $2,000.00 deductible for personal injury protection benefits. The appellants in that case failed to show any reason that the statute should not apply. The same holds true in this case. There was no reason shown to the Court why section 627.739, F.S., should not apply. Monroe Weiss, as a

171

relative to a member of his household (his son) is solely responsible for the injury protection benefits.

The cases cited by the Appellee are distinguishable and not applicable.

The Court finds that the Appellee was self-insured up to the amount of the deductible, $2,000.00. Appellee's son, Robert Weiss, thus cannot validly claim reimbursement from Donald Kohner's insurance policy. Under section 627.739, if a policy provides personal injury protection benefits to members of the household then the proper insurance company to pay those benefits is that policy of the householder.

REVERSED.