518 So.2d 1339 (1987)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
George L. KURTZ, Appellee.
No. 87-714.
District Court of Appeal of Florida, Fifth District.
December 24, 1987.
Rehearing Denied January 25, 1988.
*1340 Harold H. Catlin of Howell, Liles, Braddock & Milton, Jacksonville, for appellant.
Geoffrey B. Dobson of Meredith, Dobson & Ready, P.A., St. Augustine, for appellee.
COWART, Judge.
This case involves two questions: (1) Whether evidence of a routine practice of mailing a communication is sufficient to create a presumption that the addressee received the communication without additional proof that such practice was actually followed in the particular instance; and (2) Whether the evidence presented in this case was sufficient to rebut such a presumption.
Appellant, as insurer, issued to appellee, as insured, an automobile liability policy with $100,000/$300,000 coverage and uninsured motorist (UM) coverage of $10,000/$20,000. After suffering serious injuries from an accident with an uninsured motorist, the insured claimed to have UM coverage of $100,000/$300,000 because the insurer, in its renewal notice of premium due, failed to notify the insured of his UM coverage options and failed to provide the insured the means to request such coverage as required by section 627.727(1), Florida Statutes (1983). The ultimate issue in the case is whether, as the insurer contended, the insured was notified as required by statute by mailing "Form 1258" to the insured with a renewal notice dated October 27, 1982. The trial judge in a non-jury trial found against the insurer, who appeals. Although the decisive issue appears to be one of fact rather than one of law, under the particular facts of this case we reverse the trial court's finding and judgment.
The insurer established that it was the insurer's general and routine practice and procedure to insert a copy of its Form 1258 into each envelope containing a premium renewal notice mailed to each insured. However, the insurer presented no evidence that this practice was followed in the particular instance at issue. Expressly relying upon Bernstein v. Liberty Mutual, 294 So.2d 63 (Fla. 3d DCA 1974), the trial judge held the insurer could not prove its *1341 insured received the required UM coverage option notice by a mere showing of routine and general custom and practice; instead, the insurer must also present evidence that this practice was followed in this particular instance.
Bernstein relied on Jarrard v. Associates Discount Corp., 99 So.2d 272 (Fla. 1957). However, Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973) held that mail properly addressed, stamped, and mailed is presumed to have been received by the addressee, and proof of general office practice can satisfy the requirement of due mailing. Although Brown does not directly overrule Jarrard, this court[1] and another district court of appeal[2] have recognized that Brown appears to have abrogated the Jarrard requirement of separate evidence that customary practice was followed in a specific case. See also section 90.406, Florida Statutes, which provides that evidence of a routine practice of an organization, with corroboration or not, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice. Accordingly, the trial court's reliance on Bernstein and the Jarrard corroborating evidence requirement was misplaced and erroneous.
We find that the insurer in this case established a presumption that the insured received notice of his UM coverage options on Form 1258. In this particular case, the presumption is especially strong because it is undisputed that the insured received the insurer's renewal notices dated October 22, 1982 and October 27, 1982; these notices were mailed in the regular course of business practice together with Form 1258. See Allstate Insurance Co. v. Eckert, 472 So.2d 807 (Fla. 4th DCA 1985).
The next question is whether the insured presented sufficient evidence that he did not receive Form 1258 so as to create a question of fact for the trial court. The insured relies upon his testimony that he received no other documents when he received a copy of the insurance company's renewal notice dated October 22, 1982. However, the insured's testimony does not negate the presumption as to the insured's receipt of the revised renewal notice dated October 27, 1982 and the Form 1258 that was presumptively included in the same envelope. After the insured testified on direct examination that he received no other document with the renewal notice dated October 22, his counsel showed him a third renewal notice dated October 27, 1983. The insured likewise denied he had received the Form 1258 with that renewal notice. However, the insured never testified concerning the revised renewal notice dated October 27, 1982. That was the key and relevant communication; for whatever reason, the insured never testified that no other documents had been received with the revised renewal notice dated October 27, 1982. In fact, the evidence shows that the insured returned the tear-off portion of the revised renewal notice dated October 27, 1982. Therefore, he failed to rebut the presumption of receipt of Form 1258.[3]
We also find that this insurer's Form 1258 complies with section 627.727(1), Florida Statutes, notwithstanding that the notice of UM coverage options was not on the same piece of paper as the notice of premium (renewal notice). See Marchesano v. Nationwide Property and Casualty Insurance Co., 506 So.2d 410 (Fla. 1987). Further, as was the case in State Farm Mutual Automobile Insurance Co. v. Hamilton, 501 So.2d 104 (Fla. 3d DCA), *1342 rev. denied, 508 So.2d 14 (Fla. 1987), the UM coverage option notice (Form 1258) sufficiently provided for a means to allow the insured to select such coverage.
In summary, this case is very much like the case of Allstate Insurance Company v. Eckert, 472 So.2d 807 (Fla. 4th DCA 1985). Here, as in that case, we reverse the judgment and remand with directions to enter judgment for the insurer holding the insured's rejection of additional UM coverage to have been effective.
REVERSED and REMANDED.
UPCHURCH, C.J., and ORFINGER, J., concur.
NOTES
[1] National Mutual Insurance Co. v. Jones, 414 So.2d 1169, 1171 n. 2 (Fla. 5th DCA 1982).
[2] Lumbermens Mutual Casualty Co. v. Alvarez, 443 So.2d 279 (Fla. 3d DCA 1983).
[3] Additionally, we hold that the communication from the insurer's claim representative to the insured's attorney which incidentally stated that the insurer was not required to, and did not offer, increased limits as an option on renewals in 1982 and 1983, is insufficient to rebut the presumption of receipt. The claim representative had never seen Form 1258, and did not know anything about the insurance company's routine and general practice and procedure relating to mailing that form along with all renewal notices.