# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0552
Lower Tribunal No. 19-CA-002370

_____

16205 CAPTIVA DRIVE, LLC,

Appellant,

v.

RICHARD LEVINSON, as Co-Trustee of the 16201 CAPTIVA DRIVE LAND TRUST DATED MARCH 29, 2010 and PATRICIA LEVINSON, as Co-Trustee of the 16201 CAPTIVA DRIVE LAND TRUST,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
Joseph C. Fuller, Judge.

August 1, 2025

GANNAM, J.

16205 Captiva Drive, LLC appeals a final summary judgment for the 16201 Captiva Drive Land Trust, terminating the LLC's easements to access and use the Trust's dock.[1] Because a genuine dispute of material fact was evident on the face of the Trust's summary judgment motion, we reverse.

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

I.

A.

The parties own adjacent properties on Captiva Island in Lee County, Florida.[2] The LLC property is situated on the West (Gulf of America) side of the island and the Trust property primarily on the East (Roosevelt Channel) side. The Trust's predecessor in title granted perpetual easements to the LLC's predecessor to access and use the Trust property's dock into the channel. The easement agreement requires the LLC to pay the Trust half of the dock maintenance and repair costs "within thirty (30) days after receipt of written demand for payment," and provides that the LLC's failure to pay as required will result in immediate termination of the easements. The agreement does not, however, contain any notice provision or otherwise specify where or how the Trust must send its payment demands to the LLC.

According to the Trust's summary judgment motion, in 2019, the Trust sent a payment demand by FedEx that was not paid within thirty days. The Trust sent the payment to:

> 16205 CAPTIVA DRIVE LLC
> 211 CORNICHE RD E ADIA
> PO BOX 3600
> ABU DHABI
> UNITED ARAB EMIRATES

---

[2] The LLC and Trust names reflect their respective properties' street addresses.

This was the "Owner" address for the LLC property according to the Lee County Property Appraiser search website. The Trust's summary judgment motion, however, also included an excerpt from the LLC's last official annual report filed with the Florida Secretary of State, showing the following identifying information:

**Current Mailing Address:**

ATTN: COLM LANIGAN
211 CORNICHE ROAD EAST ADIA, 27B
ABU DHABI, ABU DHABI 3600 AE

. . . .

**Name and Address of Current Registered Agent:**

COLM, LANIGAN
16205 CAPTIVA DRIVE
CAPTIVA, FL  33924  US

. . . .

**Authorized Person(s) Detail:**

Title          MR

Name          LANIGAN, COLM

Address          211 CORNICHE ROAD EAST
ATTN COLM LANIGAN ADIA 27B

City-State-Zip:  ABU DHABI  ABU DHABI  3600

Unlike the address found on the Property Appraiser website, both the mailing and authorized person addresses filed in the LLC's annual report include "ATTN[:] COLM LANIGAN." And despite the Trust's presenting these multiple addresses for the LLC in its summary judgment motion, the Trust claimed in its motion, "It is undisputed that the notice required under the Easement was sent to, and received at, *the* address for Lanigan set forth in the public records" (emphasis added).

3

According to the Trust's motion, the Trust received a FedEx delivery confirmation showing the payment demand was "Signed for by: X.ZEUS" in "ABU DHABI AE." The Trust's motion also, however, cited record evidence—the deposition testimony of Colm Lanigan—that Lanigan was the sole managing member of the LLC and did not receive the payment demand because the Trust did not include "attention Colm Lanigan" in the Abu Dhabi address it used.

B.

The trial court's order granting summary judgment is incorporated into the judgment on appeal and mirrors the Trust's summary judgment motion. The court found it undisputed that the Trust mailed the payment demand to "*the only* address the LLC provided" (emphasis added) to the State of Florida and the Property Appraiser. The court found it inconsequential that Lanigan did not receive the demand because "someone with apparent authority" signed for the payment demand "at *the* address provided by the LLC" (emphasis added). Ultimately, the court concluded, "By mailing the written demand to *the* address the LLC provided to the State of Florida and to the Lee County Tax Collector [sic[3]], the Trust complied with its notice obligations under the Easement Agreement" (emphasis added).

---

[3] The Trust's evidence included LLC address information from only the Florida Secretary of State and the Lee County Property Appraiser. Thus, the trial court's reference to "the Lee County Tax Collector" is likely a scrivener's error.

4

The trial court entered judgment terminating the easements and denied the LLC's motion for rehearing. The LLC timely appealed the judgment.

## II.

We review summary judgments de novo. *Pial Holdings, LTD v. Riverfront Plaza, LLC*, 379 So. 3d 547, 550 (Fla. 6th DCA 2024). Florida's summary judgment standard now aligns with the federal standard. Fla. R. Civ. P. 1.510(a); *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 74 (Fla. 2021) (adopting federal summary judgment rule and standard and citing "*Celotex* trilogy," *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). In applying the new standard, we "must be guided not only by the *Celotex* trilogy, but by the overall body of case law interpreting federal rule 56." *See In re Amends.*, 317 So. 3d at 76.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, . . . affidavits or declarations, . . . or other materials . . . ." Fla. R. Civ. P. 1.510(c)(1)(A). Thus, "[t]he moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact." *Brevard Cnty. v. Waters Mark Dev.*

5

*Enters., LC*, 350 So. 3d 395, 398 (Fla. 5th DCA 2022) (citing *Celotex*, 477 U.S. at 323). "In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991). "Until the moving party has met that burden, the non-moving party is not obliged to prove or disprove anything." *Baum v. Becker & Poliakoff, P.A.*, 351 So. 3d 185, 189 (Fla. 5th DCA 2022).

"In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor." *Brevard Cnty.*, 350 So. 3d at 398. A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[D]isputed issues of fact are resolved against the moving party . . . ." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997).

In interpreting legal texts, we "follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (cleaned up) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). Thus, we interpret written agreements according to the plain meaning of

6

their text, looking to "all the textual and structural clues that bear on the meaning of a disputed text" and using the traditional interpretive canons for guidance where helpful. *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (cleaned up). When a contested contractual term is not defined in the contract, we presume the term bears its ordinary meaning at the time of contracting, in context, and we look to both legal and non-legal dictionaries for evidence of that ordinary meaning. *See State v. Washington*, 403 So. 3d 465, 472 (Fla. 6th DCA 2025); *People's Tr. Ins. Co. v. Gunsser*, 373 So. 3d 422, 429 (Fla. 6th DCA 2023).

### III.

The Trust failed to carry its initial summary judgment burden to demonstrate the absence of any genuine dispute of material fact because a genuine dispute of the most material fact—the LLC's receipt of the Trust's payment demand—is evident on the face of the Trust's summary judgment motion. Thus, even considering only the facts presented in the Trust's motion, a reasonable jury could return a verdict for the LLC, and it was error for the trial court to grant the Trust summary judgment.

According to the text of the easement agreement, the LLC's receipt of the payment demand was a condition precedent to its obligation to pay, and the LLC's failure to pay the demand *after receipt* was a condition precedent to termination of the easements. *See Alvarez v. Rendon*, 953 So. 2d 702, 708 (Fla. 5th DCA 2007) (defining condition precedent). In the context of the 1996 easement agreement, the ordinary meaning of "receipt" is "[t]he fact of being or having been received."

7

*Receipt*, *American Heritage Dictionary of the English Language* (4th ed. 2006). The ordinary meaning of "receive" is "[t]o take or acquire (something given, offered, or transmitted); get." *Receive*, *id.* The legal dictionary meanings are similar. *See Receipt, Black's Law Dictionary* (7th ed. 1999) ("The act of receiving something . . . ."); *Receive*, *Black's Law Dictionary* (10th ed. 2014)[4] ("To take (something offered, given, sent, etc.); to come into possession of or get from some outside source . . . ."). Thus, the condition precedent of "receipt" is satisfied by the LLC's getting or taking possession of the Trust's payment demand.

The LLC could only receive—i.e., get or take possession of—the payment demand through an officer or agent authorized to receive the demand on the LLC's behalf. The axiom, "A corporation can act only through its officers and agents," *Browning v. State*, 133 So. 847, 848 (Fla. 1931), also applies to limited liability companies. *See, e.g.*, *Nguyen v. Perspective Glob., LLC*, 387 So. 3d 1265, 1269 (Fla. 2d DCA 2024) (applying axiom to an LLC); *Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1317 (11th Cir. 2019) (same); *see also* Mark A. Sargent and Walter D. Schwidetzky, *Ltd. Liab. Co. Handbook* § 4:102, Westlaw SECLLCHB ("An LLC, not being human, can only act through its agents."); *cf.* § 48.062, Fla. Stat. (specifying service of process on an LLC by serving registered

---

[4] "Receive" appears in the Sixth Edition (1990) of *Black's* ("To take into possession and control; accept custody of; collect."), and then not again until the Tenth Edition (2014).

agent, member, manager, or any person listed on annual report). The only person identified by the Trust as authorized to act for the LLC, in all its undisputed evidence, is Lanigan. The Trust's evidence showed Lanigan is both the registered agent and sole managing member of the LLC, and did not show anyone else was authorized to receive the Trust's payment demand or otherwise act for the LLC.

Given the text of the easements conditioning the LLC's payment obligation on its receipt of the Trust's payment demand, and the unrefuted testimony of the LLC's only authorized actor, Lanigan, that he did not receive the payment demand, the trial court's conclusion that the Trust "complied with its notice obligations" by mailing the payment demand to "the" address of the LLC was insufficient to support summary judgment for the Trust. First, the receipt condition requires *receipt* of the payment demand, not mere *notice* of the demand. Lanigan's testimony, cited in the Trust's summary judgment motion, at least shows a genuine dispute as to the fact of receipt. Second, the text of the easements does not specify a mailing address for the LLC, and the Trust's summary judgment motion presents multiple official addresses for the LLC on file with the Florida Secretary of State and another address in the records of the Lee County Property Appraiser. The Trust's motion also cites Lanigan's testimony that the Trust used the wrong address. Thus, a genuine dispute

as to the correct address for the LLC is also evident on the face of the Trust's summary judgment motion.[5]

Finally, the Trust's evidence that its payment demand was signed for by "X.ZEUS" does not turn Lanigan's testimony of non-receipt into the undisputed fact of receipt. The Trust's summary judgment motion does not point to any record evidence of who or what "X.ZEUS" is, let alone any authority of "X.ZEUS" to act on behalf of the LLC. Thus, it was error for the trial court to conclude that "X.ZEUS" was "someone with apparent authority" to receive the demand on behalf of the LLC. "Apparent authority is defined as the authority that the principal knowingly permits the agent to assume or which he holds the agent out as possessing." *Fla. Power & Light Co. v. McRoberts*, 257 So. 3d 1023, 1026 (Fla. 4th DCA 2018) (cleaned up). "To establish apparent authority, a plaintiff must prove: (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party relying on the representation." *Id.* (cleaned up).

_____

[5] In the answer brief, the Trust argues for the first time that the fact of the LLC's receipt is presumed upon proof that the Trust's payment demand was "'properly addressed, stamped, and mailed'" (quoting *Progressive Am. Ins. Co. v. Kurtz*, 518 So. 2d 1339, 1341 (Fla. 5th DCA 1987)). Whether the Trust "properly addressed" the demand, however, is disputed on the face of the Trust's summary judgment motion. And, even if the Trust could successfully raise the presumption, it may be rebutted by evidence disputing receipt, which is also evident on the face of the Trust's motion. *See Scutieri v. Miller*, 584 So. 2d 15, 16 (Fla. 3d DCA 1991) ("In other words, the denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court."). Thus, for summary judgment purposes, the presumption does not establish the LLC's receipt of the Trust's demand as an undisputed fact.

The Trust's motion cited no record evidence that the LLC represented to the Trust that "X.ZEUS" had authority to act for the LLC, that the Trust relied on such a representation, or that the Trust sent the payment demand to "X.ZEUS" in reliance on any such representation. To be sure, the Trust conceded at the summary judgment hearing that "we have no idea who this person is" and that "Lanigan testified he has no idea who this person is."

IV.

The Trust failed to carry its initial summary judgment burden because a genuine dispute of material fact was evident on the face of its summary judgment motion. We reverse the summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

NARDELLA and BROWNLEE, JJ., concur.

Christopher D. Donovan, of Donovan Appellate Law, PLLC, Bonita Springs, for Appellant.

Theodore L. Tripp, Jr., Joel W. Hyatt, and Meredith A. McBride, of Hahn Loeser & Parks, LLP, Fort Myers, for Appellees.

Elisé K. Yarnell, of Hahn Loeser & Parks, LLP, Columbus, Ohio, Pro Hac Vice, for Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED