**UNITED STATES of America**

v.

**Louis CIRILLO, Defendant.**

**No. 72 Cr. 309.**

United States District Court,
S. D. New York.

Jan. 19, 1977.

---

Robert B. Fiske, Jr., U. S. Atty., Southern District of New York, New York City, for the United States; Richard F. Lawler, Asst. U. S. Atty., of counsel.

Iannuzzi & Iannuzzi, New York City, for defendant; John Nicholas Iannuzzi, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

On May 25, 1972, following his conviction after a jury trial of one count of distribution of heroin and one count of conspiracy to import and distribute heroin, in violation of 21 U.S.C., sections 812, 841(a)(1), 841(b)(1)(A), 846, and 963, the defendant was sentenced to two concurrent terms of twenty-five years imprisonment, followed by a special parole term of ten years. By virtue of his previous conviction of violations of the provisions of Title 21, United States Code, the defendant's sentence was enhanced pursuant to 21 U.S.C., section 841(b)(1)(A). Almost four years after impo-

sition of sentence, defendant now moves to vacate this sentence as illegal, claiming that the second offender information was not filed with the court prior to the date his trial began, as required by 21 U.S.C., section 851(a)(1).[1] After hearing argument on the motion, the Court, upon request of defendant's counsel, set the matter down for a hearing and testimony of witnesses was taken.

The defendant has failed to sustain his claim that the second offender information was filed subsequent to the commencement of trial. To the contrary, the claim is negated by substantial evidence of contemporaneous events. Dean C. Rohrer, then an Assistant United States Attorney, swore to an affidavit of mailing of the second offender information to defendant's attorney on April 10, 1972, and both he and the other Assistant United States Attorney who prosecuted defendant stated that it was their regular practice to file papers with the court at or about the time they were mailed.[2] At the time of sentence the United States Attorney stated on the record that there was a clerical error in the docket sheet and moved for correction to reflect the proper date that the information was filed, to wit, April 12, 1972. Defendant's counsel, acknowledging that he had received "a copy some time ago," made no objection; accordingly, the record was corrected nunc pro tunc. Defendant's trial counsel was of exceptional experience and ability in criminal law matters and clearly would not have consented to the correction had the facts been otherwise. Indeed the failure to obtain an affidavit from him or to offer his testimony upon the hearing, or to explain the failure to produce his testimony, is of great significance.[3]

---

1. *See United States v. Noland,* 495 F.2d 529 (5th Cir.), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974); *but see, e.g., United States v. Duhart,* 269 F.2d 113, 115–16 (2d Cir. 1959) (under former 26 U.S.C. § 7237(c)(2), the predecessor to 21 U.S.C. § 851). Under the circumstances, the Court does not address whether the *Noland* case, however much the ruling in another circuit is entitled to respect, should be followed.

2. *See* Rule 406, Fed.R.Evid.

3. *See United States ex rel. Brooks v. McMann,* 408 F.2d 823, 826 (2d Cir. 1969); *United States ex rel. Homchak v. New York,* 323 F.2d 449, 450 (2d Cir. 1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *United States ex rel. Irving v. Henderson,* 371 F.Supp. 1266, 1276 (S.D.N.Y.1974).

Principal reliance by defendant's counsel is placed upon a date stamp on the face of the information bearing the legend April 21, 1972 and upon a docket entry for its filing bearing the same date. Based thereon the defendant's counsel charges that the United States Attorney was "aware that . . . timely filing had *not* taken place . . . and that [he] purposely and intentionally mis-advised this Court that the said filing had been timely made." The United States Attorney testified to the circumstances under which he applied for and obtained correction of the error. In order to accept the theory propounded by defendant, the Court would have to believe either that the United States Attorney deliberately and knowingly lied to the Court at the time of sentencing or that one or more of his assistants deliberately and knowingly lied to the United States Attorney. Defendant has not produced evidence to warrant this conclusion. The evidence is decidedly to the contrary. The charge is unjustified. To the Court's own knowledge errors and delays in the filing of documents in the Clerk's office are, unfortunately, by no means uncommon.

The motion is denied.