UNITED STATES of America,

v.

**Louis CIRILLO, Defendant.**

**No. 72 Cr. 309.**

United States District Court,
S.D. New York.

July 1, 1983.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the U.S.; David W.

Denton, Asst. U.S. Atty., New York City, of counsel.

William M. Kunstler, New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant, Louis Cirillo, moves pursuant to Rule 35 of the Federal Rules of Criminal Procedure to vacate and correct a sentence imposed upon him more than ten years ago as a second narcotics offender on the ground that it was imposed in violation of his constitutional rights and was in excess of the maximum authorized by law.

Upon his conviction by a jury of conspiracy to import and distribute heroin, and a substantive count of distribution of heroin, the defendant was sentenced on May 25, 1972 to two concurrent terms of twenty-five years imprisonment pursuant to 21 U.S.C., sections 841(b)(1)(A) and 851(a)(1) and (b), to be followed by a special term of parole of ten years. Prior to the commencement of the trial, the United States Attorney, pursuant to 21 U.S.C., section 851(a)(1), had filed an information, a copy of which had been served upon the defendant's counsel, setting forth a prior narcotics conviction of the defendant as a basis for a second offender sentence. Upon defendant's acknowledgment of the recited prior felony conviction which had been entered upon his plea of guilty in this court in 1945, the aforesaid sentence was imposed. Upon appeal, the judgment of conviction was affirmed.[1]

In November 1976, after having served more than four years of his sentence, the defendant moved to vacate it as illegal upon the ground that the second offender information had not been filed in advance of trial as required by 21 U.S.C., section 851(a)(1). The defendant disputed the date of entry of the notice. After an evidentiary hearing, the Court held that timely notice had been given, and that ruling was upheld on appeal.[2]

On this present motion, the defendant originally had asserted that his plea of guilty, upon which his 1945 conviction was entered, and at which he was represented by counsel, was not voluntary. Upon oral argument, however, the claim was withdrawn. In any event, there is no basis to support that charge. The defendant himself has submitted no affidavit challenging the integrity or voluntariness of the plea. Moreover, no affidavit was submitted by the attorney who represented Cirillo at the time of the entry of the plea, nor is there any explanation for its omission.[3] Finally, when acknowledging the prior conviction before this Court, he raised no issue with respect to that conviction. The defendant now contends that the use of his previous conviction as a predicate for his increased sentence as a second offender violated his right to equal protection and due process under the United States Constitution.

Under the Drug Control Act there are two different provisions that are applicable to a defendant who has been convicted of prior narcotics offenses. They involve entirely different considerations, consequences and procedures. Cirillo was prosecuted and sentenced under section 841(b)(1)(A) and related section 851(e), which permits an increase of the otherwise applicable maximum sentence of fifteen years to thirty years. A single prior federal narcotics conviction may bring it into operation. Thus it was sufficient for the United States Attorney, prior to trial, to file with the Court upon notice to the defendant or his attorney an information setting forth the prior con-

1. *United States v. Cirillo,* 468 F.2d 1233 (2d Cir.1972), *cert. denied,* 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973).

2. *United States v. Cirillo,* 425 F.Supp. 1254 (S.D.N.Y.), *aff'd per curiam,* 554 F.2d 54 (2d Cir.1977), *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1978).

3. *United States ex rel. Brooks v. McMann,* 408 F.2d 823, 826 (2d Cir.1969), *vacated on other grounds,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States ex rel. Homchak v. New York,* 323 F.2d 449, 450 (2d Cir.1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *Clark v. Coombe,* 544 F.Supp. 799, 807 (S.D.N.Y.1982).

viction or convictions relied upon to invoke the increased sentence provision.[4] Absent a challenge to the validity of the sentence, no further proof was required to establish that the defendant was subject to sentence as a second offender. Under section 851 a defendant may not challenge the validity of a prior conviction that occurred more than five years before the date of the information alleging the prior conviction.[5] Cirillo, represented by counsel, raised no issue as to the constitutionality of this limitation period. There is yet another provision, entirely separate and distinct from the foregoing, that is directed toward a recidivist, referred to as a "Dangerous Special Drug Offender" ("DSDO"), who under appropriate circumstances is subject to increased sentencing. But much more is required under this provision than under section 841. The determination as to which statute to invoke with respect to a prior offender rests in the judgment of the United States Attorney and involves, among other differences, evidentiary matters and hearings, discussed in greater detail hereafter. Under a DSDO sentence a prior conviction can only support enhancement if "less than five years have elapsed between the commission of [the] felonious violation [the defendant is now charged with] and either the defendant's release, or parole or otherwise, from imprisonment."[6] The defendant's position is that the application of the five-year time bar only to DSDOs, while there is no time bar under section 851, is "not only irrational but unconstitutional on due process and/or equal protection grounds."[7]

Defendant's equal protection argument stems from his belief that Congress made it easier to enhance the sentence of a mere recidivist than for one who is a dangerous special drug offender. The argument follows that a DSDO's sentence can only be increased if he has committed prior narcotics violations within the five-year specified

term referred to above. Here, Cirillo's sentence was enhanced on the basis of a conviction entered twenty-seven years prior to his current sentence. This result, he argues, is irrational.

Defendant's argument is flawed on several grounds. First, he incorrectly assumes that a prior conviction alone is sufficient to increase a sentence under the DSDO statute. The sweep of the DSDO statute is much broader than section 841, under which the defendant was sentenced. The DSDO sentencing provision reaches those who have committed *two* or more offenses involving controlled substances as part of a pattern of dealing in such substances and constitute a substantial source of income in which illicit activities the defendant had manifested special skill or expertise, or where the prior violations were in furtherance of a conspiracy involving *three* or *more* other persons to engage in a pattern of dealing in controlled substances under *federal* or *state* laws. In contrast, under section 841, predicate acts are limited to *federal* convictions and may encompass a conspiracy of *two* or *more* persons. Under the DSDO statute the Court shall not sentence a defendant found to be a DSDO "to less than any mandatory minimum penalty prescribed by law for such felonious violation." The prosecution has the right to seek appellate review of the sentence imposed upon a DSDO.[8] No such right of appeal exists with respect to a sentence imposed under section 841.

Significantly, the procedure to seek enhanced sentencing under DSDO is also different from that under section 851 that was applied in defendant's case. Before one may be found to be a DSDO, the United States Attorney must file a notice with the Court specifying that the defendant is such a person, setting forth with particularity the reasons why he believes the defendant

---

4. 21 U.S.C. § 851(a)(1).

5. 21 U.S.C. § 851(e).

6. 21 U.S.C. § 849(e)(1).

7. Letter of Defendant's Counsel (March 19, 1983).

8. 21 U.S.C. § 849(h). *See also United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

to be a dangerous special drug offender. Thereafter, upon a plea of guilty or conviction after trial, but before sentence, the Court must hold a hearing without a jury at which the prosecution and defense may call witnesses with the right of compulsory process, cross-examination and presentation of documentary evidence, including the presentence report or portions thereof. Only if the Court, after such a hearing, finds that the defendant is a DSDO, which may be based upon a fair preponderance of the information,[9] may a sentence be enhanced under section 849. The Court is required to make two separate findings: (1) that the defendant is a special drug offender based in part upon prior narcotics convictions of a specified nature,[10] and (2) that the defendant is dangerous in that "a period of confinement longer than that provided for such felonious violation is required for the protection of the public from further criminal conduct by the defendant."[11] Thus, there is a sharp distinction Congress made both in substance and procedure between those sentenced under 841 as opposed to 849.

It is clear that the DSDO statute is applied to those who within a limited period prior to conviction were engaged in unlawful narcotics activities on a regular basis and a part of a pattern of dealing in such prohibited drugs. In short, the severe sanctions and heavy penalties visited upon a defendant whose criminal conduct is both "dangerous" and "special," which conduct must come within a proscribed period related to his current offense, justifies a time limitation as to the use of prior convictions. Moreover, absent the applicability of DSDO sentencing provisions, those defendants are subject to increased sentences under section 841, the very provision of which was applied in the instance of Cirillo. A prosecutor's choice to proceed under one statute as opposed to another does not violate constitutional requirements: "Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced."[12]

One final word need be said on this point. Under section 849(e), the maximum possible sentence for a DSDO is never less than the maximum term that can be imposed upon others convicted of violating provisions of the Drug Control Act. As set forth above, DSDO confers no benefits; rather, it subjects the defendant to heavier adverse consequences. The long and short of it, therefore, is that defendant's premise that a DSDO is somehow better off than a mere recidivist is simply incorrect. In sum, Cirillo has failed to establish an equal protection violation.

Cirillo makes a claim of denial of due process in that the five-year proscription contained in section 851(e) denied him the right to a hearing at which he could have attacked the constitutional validity of his prior conviction. However, the claim, whatever its merits, dissolves since he has withdrawn his challenge to the validity of that conviction.[13] Thus, the issue returns to his basic equal protection contention that he, no less than a DSDO offender, is entitled to a five-year time bar prohibiting the government from its use for second offender purposes.[14] But he was free to present

**9.** 21 U.S.C. § 849(b).

**10.** 21 U.S.C. § 849(e).

**11.** 21 U.S.C. § 849(f). *See United States v. Warme,* 572 F.2d 57, 61–62 (2d Cir.), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 393 (1978).

**12.** *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979).

**13.** Defendant's counsel stated in his letter of February 16, 1983, "Defendant wishes to emphasize that he is not attacking the validity of

his 1945 convictions which were used to enhance his present sentence." In a subsequent letter, Cirillo's counsel stated "defendant is not abandoning his contention that his 1945 conviction was invalid. In essence, he is not raising it as a ground for relief here because of the difficulty of proof at this late date and the inability to demonstrate prejudice." (Letter of March 19, 1983).

**14.** Defendant does not challenge the propriety of using a prior conviction as the basis for increasing a sentence. *See* Defendant's Memorandum of Law at 9. *See also United States v.*

that constitutional claim when the prosecution filed the information of his prior record at the time of sentencing. He raised no such issue then. He failed to raise his constitutional claim upon direct appeal when represented by "counsel . . . of exceptional experience and ability in criminal law matters,"[15] and again, five years later, upon his appeal from this Court's determination that the information upon which the increased sentence had been imposed had been timely filed, which involved the very section defendant here challenges, and when he was represented by another competent and experienced counsel. Thus, his failure to show "cause" for the omission or "actual prejudice" alone requires denial of his application for relief under 28 U.S.C., section 2255.[16]

The motion is denied.

So ordered.

*Hansen,* 701 F.2d 1078, 1083 (2d Cir.1983) ("sentence may be enhanced because of conduct for which prosecution is barred by the pertinent statute of limitations").

**15.** *United States v. Cirillo,* 425 F.Supp. 1254, 1255 (S.D.N.Y.), *aff'd per curiam,* 554 F.2d 54 (2d Cir.1977), *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1978).

**16.** *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). *See also* Rule 9(b), 28 U.S.C. foll. § 2255.