**UNITED STATES of America**

v.

**Anthony AGILAR and Edwin Jimenez, Defendants.**

**No. 85 Cr. 223 (RWS).**

United States District Court, S.D. New York.

June 26, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; Peter M. Lieb, Asst. U.S. Atty., New York City, of counsel.

Louis Aidala, New York City, for defendant Anthony Agilar.

## OPINION

SWEET, District Judge.

Defendant Anthony Agilar ("Agilar") moved to dismiss Count Two of an indictment which charges him with violation of 21 U.S.C. § 845(a), which provides for enhanced penalties upon conviction of selling narcotics within one thousand feet of a public or private elementary or secondary school. For the reasons set forth below, Agilar's motion is denied.

### Prior Proceedings

Agilar and co-defendant Edwin Jimenez ("Jimenez") were charged in Counts One and Two of the indictment with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 and with distribution of three glassine envelopes containing heroin within one thousand feet of a school, in violation of 21 U.S.C. § 841(a)(1) and § 845(a). Count One of the indictment was dismissed prior to trial. Jimenez moved to dismiss Count Two of the indictment on the grounds that 21 U.S.C. § 845(a) violates the due process of law and equal protection guarantees of the Fifth Amendment. Agilar joined in the motion. On May 10, 1985, after a non-jury trial, Agilar was convicted of violating § 845(a), while Jimenez was found not guilty and decision was reserved

with respect to the instant motion. Agilar awaits sentencing.

### Discussion

This motion poses the same question faced by the Honorable Edward Weinfeld in *USA v. Nieves*, 85 Cr. 242: does § 845(a) withstand scrutiny under the due process and equal protection clauses of the Constitution. Agilar argues that 21 U.S.C. § 845(a) denies him due process because it creates an irrebutable, irrational presumption. Specifically, the statute, by providing for enhanced sentences upon conviction of selling narcotics within one thousand feet of a school, presumes that all sales of narcotics within that zone, even those not involving school children, have a detrimental effect upon school children. Agilar argues that many drug sales within this one thousand foot corridor, including that for which Agilar was convicted, do not involve school age children and thus do not have any adverse impact on children. Agilar contends that there is no rational relationship between Congress' legitimate interest in protecting school children from the detrimental effects of the sale of narcotics and the penalties imposed by § 845(a).

Agilar acknowledges that the statute must only satisfy a test of rationality. Only if the statute establishes a presumption that is irrational will it violate due process and be held invalid. *See Cleveland Board of Education v. La Fleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *United States Department of Agriculture v. Murry*, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Congress has a legitimate and powerful interest in protecting school children from the detrimental effects of the sale of narcotics and enhanced the penalties which are to be imposed upon dealers who distribute narcotics within one thousand feet of a school, presumably on the assumption that a drug dealer who knew that an enhanced penalty would be imposed is less likely to distribute narcotics near a school. By focusing on the single transaction involved in this indictment, and not on the more gener-

al presumed prophylatic effect of § 845(a), Agilar has challenged what appears to be a rational exercise of Congress' authority.

Agilar also contends that 21 U.S.C. § 845(a) denies him equal protection of the laws. He urges that § 845(a) should be subject to strict scrutiny analysis because the section is alleged, though not shown, to have a disproportionate impact on racial minorities living in the inner city and because the section affects vital liberty interests. He consequently argues that § 845(a) violates the Equal Protection Clause and must be invalidated.

■ This challenge to § 845(a) also fails. A finding that a statute has a disproportionate impact on a racial minority is not alone sufficient as a basis for subjecting the statute to strict scrutiny. In *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) the Court held that: "[d]isproportional impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination forbidden by the Constitution. Standing alone, it does not trigger the rule that racial classifications are to be subjected to the strictest scrutiny and are justifiable only by the weightiest of considerations." Id., 426 U.S. at 242, 96 S.Ct., at 2049. Rather, "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). Moreover, the "absence of proof of discriminatory intent forecloses any claim that official action challenged in this case violates the Equal Protection Clause." *City of Memphis v. Greene*, 451 U.S. 100, 119, 101 S.Ct. 1584, 1596, 67 L.Ed.2d 769 (1981). Agilar does not allege that Congress intended to discriminate on the basis of race by enacting § 845(a) and there is no indication or reason to believe that this was Congress' goal. In the absence of any showing of discriminatory intent, strict scrutiny is not applicable and the statute withstands attack if it bears the rational relationship to a legit-imate governmental interest that was found above.

■ Agilar also argues, relying on *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), that strict scrutiny applies to a criminal statute which may effect a vital liberty interest. *Douglas v. California* is distinguishable. There, the statute subject to strict scrutiny impaired the fundamental right of indigent defendants by denying them the right to appellate counsel. Section 845(a), however, discriminates between classes of individuals who sell narcotics: those who sell within one thousand feet of a school and those who sell outside this limit. The distinctions drawn by § 845(a) is thus similar to those in *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (per curiam) (using rational relationship test in upholding Texas Code of Criminal Procedure Art. 44.09); *Marshall v. United States*, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974) (using rational relationship test in upholding Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251–4255); *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) (using rational relationship test in upholding § 230(3) of New York Correctional Laws) where the court applied a rational basis test to criminal statutes. *Douglas v. California* involved the exercise of a fundamental right and consequently triggered strict scrutiny. Judge Weinfeld, as well, concluded in *USA v. Nieves, supra*, that "defendant's attempt to avoid the well established rule that proof of a discriminatory intent is required to sustain an equal protection claim simply upon the ground that this is a criminal case is unsupported by reason or authority."

**Conclusion**

Agilar's motion to dismiss Count Two of the indictment on constitutional grounds is denied. Agilar will be sentenced on July 2, 1985.

IT IS SO ORDERED.