**Louis CIRILLO, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Nos. 86 Civ. 9878, 72 Cr. 309.**

United States District Court, S.D. New York.

Aug. 13, 1987.

Louis Cirillo, pro se.

Rudolph W. Guiliani, U.S. Atty., S.D. N.Y., New York City, for respondent; James J. McGuire, Asst. U.S. Atty., of counsel.

---

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion by petitioner to vacate a judgment of conviction of two narcotics violations entered upon his plea of guilty on October 17, 1945, forty-two years ago. He was then represented by counsel. He was sentenced to concurrent terms of three years, which were reduced on his counsel's application to two years.

In May 1972, petitioner was tried before this Court, and after a jury trial was found guilty of one count of distribution of heroin and one count of conspiracy to import and distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846 and 963. He was sentenced as a prior narcotics offender to two concurrent terms of twenty-five years imprisonment, to be followed by a special parole term of ten years. The judgment of conviction was affirmed upon appeal.[1] Three years after affirmance of his conviction, petitioner moved to vacate his sentences as illegal upon a claim that the second offender information had not been filed with the Court prior to the date his trial began as required by 21 U.S.C. § 851(a)(1). After a hearing at which testimony was taken, this Court found petitioner had failed to sustain his burden of proof and denied his motion.[2] The Court's finding was affirmed on appeal,[3] and certiorari was denied.[4]

In 1983, Cirillo, represented by new counsel, brought a second motion to vacate the sentence upon the ground that certain differences in sentencing enhancement between the provisions under which he was sentenced and other sections of Title 21 were irrational and, thus, unconstitutional. That motion was denied.[5] The Court of Appeals summarily affirmed.[6] On that application originally petitioner alleged his plea of guilty to the 1945 conviction was not voluntary, but upon oral argument the claim was withdrawn. In that proceeding it was also noted that no affidavit had been submitted by the attorney who represented Cirillo at the time of the entry of his guilty plea in 1945.

On December 29, 1986, almost forty-two years after the entry of his 1946 plea of guilty, petitioner has presented a petition under 28 U.S.C. § 2255 again attacking his 1945 conviction upon a potpourri of claims, including that his plea was not voluntary; that counsel failed to advise him of his rights; that he failed to investigate his case; that he failed to competently advise him before the entry of his plea; and that he was encouraged by his counsel to believe that he would receive a probation sentence. With respect to the 1972 conviction he avers that his then lawyer failed to advise him that he could file a constitutional challenge to 21 U.S.C. § 851(e) and could also attack the 1945 conviction.

■ Other than petitioner's self-serving conclusory allegations, there is no evidential support for his claim. To the contrary, it appears that Max Fruchtman, the attorney who represented him on the 1945 conviction is alive and available to give competent evidence. It is reasonable to assume that Fruchtman advised petitioner of his rights and the consequences of his plea.[7] Significantly, no affidavit of Fruchtman is offered. Instead an affidavit is submitted by J. Jeffrey Weisenfeld, petitioner's attorney on this petition, who submits a hearsay version of a conversation he had with Fruchtman, and alleges "the statements made by Mr. Fruchtman are neutral in that they neither confirm nor deny Mr. Cirillo's version of the events confronting his enter-

1. *United States v. Cirillo*, 468 F.2d 1233 (2d Cir.1972), *cert. denied*, 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973).

2. *United States v. Cirillo*, 425 F.Supp. 1254 (S.D. N.Y.1977).

3. *United States v. Cirillo*, 554 F.2d 54 (2d Cir. 1977) (per curiam).

4. *Cirillo v. United States*, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1978).

5. *United States v. Cirillo*, 566 F.Supp. 1340 (S.D. N.Y.1983).

6. 742 F.2d 1445 (2d Cir.1974).

7. *Cf. United States ex rel. Brooks v. McMann*, 408 F.2d 823, 826 (2d Cir.1969); *United States ex rel. Rosen v. Follette*, 409 F.2d 1042, 1045 (2d Cir.1969).

ing a plea of guilty in 1945." Entirely apart from the inadequacy of this hearsay statement to support petitioner's claims, it is highly significant that Mr. Fruchtman himself has failed to submit an affidavit, nor is there any explanation for the failure to do so.[8]

■ Cirillo also makes a contention that he was entitled to an instruction from this Court prior to his sentencing on the 1972 conviction that he could challenge his 1945 conviction for the purposes of avoiding an enhanced sentence, based upon 21 U.S.C. § 851(b), which provides:

If the United States Attorney files an information under this section, the Court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

The record establishes that the United States Attorney, prior to sentencing and before pronouncement of sentence, had filed an information on April 12, 1972, under the foregoing section charging the defendant as a second felony narcotic offender, which his attorney had acknowledged receipt of. The Court directed the reading of the information to the defendant and then questioned him as to whether he was the person named in the information, and upon acknowledging that he was the same person named in the information who was convicted in the 1972 trial, the Court further inquired if he made the statement of his own free will, and he did so acknowledge. Indeed, the Court went further and advised him that he was not required to acknowledge his identity and had the right to put the government to its proof, but he again acknowledged his identity.[9] However, as petitioner alleges, the Court did not inform him that any challenge to the prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

However, 21 U.S.C. § 851(e) provides:

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years since the date of the information alleging such prior conviction.

As noted, Cirillo's 1945 conviction antedated the 1972 conviction by twenty-seven

---

**8.** *Brooks v. McMann,* 408 F.2d 823, 826 (2d Cir.1969); *United States ex rel. Homchak v. New York,* 323 F.2d 449, 450 (2d Cir.1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *Clarke v. Coombe,* 544 F.Supp. 799, 807 (S.D.N.Y.1982).

**9.** THE CLERK (reads information): "I, Whitney North Seymour, Jr., United States Attorney for the Southern District of New York, do accuse the defendant above named, who is also named in Indictment 71 Criminal 309, of having been previously convicted as hereinbelow described.

"The said defendant, on or about the 17th day of October, 1945, in the Southern District of New York, was duly convicted of violations of Title 21, United States Code, Sections 173 and 174, of having received, concealed, sold and facilitated the transportation, concealment and sale of heroin on pleas of guilty to both Indictment No. C.120/140 for a transaction involving about 10 ounces of heroin on December 15, 1944, and Indictment No. C.120/139 for a transaction involving about 15 ounces of heroin on March 5, 1945."

BY THE COURT:

Q Mr. Cirillo, do you acknowledge that you are the same person?

A Yes, I am.

Q That is, the person named in that information who was the person who was convicted before me.

A Yes, I am.

Q Do you make that statement of your own free will?

A Yes, sir.

Q Do you understand that you are not required to acknowledge your identity if you so desire and that the government may be put to its proof?

A Yes, sir.

Q Is it your desire to have the government put to its proof or do you desire to acknowledge that you are the same person?

A I acknowledge it.

Q Has any person threatened you or coerced you in any manner in order to get you to admit that you are the same person?

A No, sir.

THE COURT: All right, the admission of identity may be entered.

(Sentencing minutes, May 25, 1972).

years and thus his argument fails. In *United States v. Nanez,*[10] the petitioner advanced the identical argument now urged by Cirillo. The Court, in rejecting his argument, held:

> Elementary rules of statutory construction require a statute to be read in its entirety so that each part has a sensible and intelligent effect which is both harmonious with the whole and consistent with legislative objectives.... Were we to adopt [movant's] position we would be compelled to find that it was Congress' intent that § 851(b) totally vitiates the terms of § 851(e). We cannot embrace such an argument. The only sound approach to a resolution of the interrelationship of these facially conflicting sections is that it was Congress' firm intent to condition by way of § 851(e), a defendant's right to challenge a prior conviction.

■ Cirillo's further attack upon the constitutionality of the five-year limitation period set forth in section 851(e) is without substance. Without it, records of prior criminal convictions, going back many years, as for example in this case, forty-two years, would have to be preserved. The likelihood is that those persons who played a role, whether on behalf of the prosecution, defense, or witnesses, no longer would be available to give direct testimony as to alleged events attendant upon the entry of the plea under attack. Section 851(e) is wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision.

Finally, and entirely apart from the foregoing, this is the third section 2255 motion in which petitioner makes substantially the same charges, however differently worded, with respect to his 1945 conviction and attacks the competency of the lawyer who represented him in that proceeding, the lawyer who represented him upon the trial with respect to the 1972 indictment and other lawyers who represented him in subsequent proceedings. These charges extend to his lawyer in the 1972 trial, who this Court described as "of exceptional experience and ability in criminal law matters" and another as "competent and experienced."[11] The charges are without the slightest evidential support and do not merit further discussion. The record of performance of each on behalf of petitioner requires rejection of the malicious and unwarranted attack upon his attorneys. Petitioner has failed to meet the two component requirements of *Strickland v. Washington.*[12]

The petition is dismissed upon the merits.

So ordered.

---

**10.** 694 F.2d 405 (5th Cir.1982), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983).

**11.** *See United States v. Cirillo,* 425 F.Supp. at 1255; *United States v. Cirillo,* 566 F.Supp. at 1344.

**12.** 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).