UNITED STATES of America, Appellee,

v.

Jeffrey JONES, Defendant–Appellant.

No. 477, Docket 92–1746.

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1993.

Decided June 17, 1994.

Michael Young, New York City, for defendant-appellant.

Jason Brown, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY, of counsel), for appellee.

Before: MESKILL, MAHONEY, and WALKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Jeffrey Jones appeals from a judgment of conviction entered December 3, 1992 in the United States District Court for the Eastern District of New York, Robert R. Merhige, Jr., Judge,* following a jury verdict of guilty for conspiracy to commit robbery in violation of 18 U.S.C. § 1951 (count one of the superseding indictment on which Jones was tried) and possession of a firearm in relation to a violent crime in violation of 18 U.S.C. § 924(c) (count two), and Jones' guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (count three). For the reasons that follow, we affirm the judgment of conviction, but vacate the sentence and remand for resentencing on count three.

On July 26, 1991, Jones and several associates assembled in a parking lot at Brooklyn Hospital where an armored car was parked as guards made a delivery of cash. When the guards returned from this delivery, a member of Jones' group rushed the guards brandishing a firearm. One of the guards fired at this assailant. Jones hid behind a Chevrolet Blazer while his colleagues fled the scene.

One of the guards spotted Jones and discovered a pistol underneath the Blazer, and detained Jones until the police arrived. While in custody, Jones stated in a taped telephone conversation that he had slid the

---

* The Honorable Robert R. Merhige, Jr., of the United States District Court for the Eastern District of Virginia, sitting by designation.

gun under the Blazer before being apprehended by the guards, and that "everything was supposed to be called off" but one of the group members decided "on his own" to rush the guards.

Upon Jones' conviction on all counts of the superseding indictment, the district court classified him as a career offender pursuant to USSG § 4B1.1, and sentenced him to 210 months imprisonment on count one; 210 months imprisonment on count three to be served concurrently with the sentence on count one; and sixty months imprisonment on count two to be served consecutively to the sentences on counts one and three.

■ Jones argues on appeal that the court's jury charge on withdrawal from the conspiracy was unduly restrictive and prevented the jury from properly evaluating the evidence on that issue. After the court rejected a charge proposed by Jones' trial counsel, that counsel and counsel for the government agreed to substitute a different instruction, and Jones' counsel stated to the court:

I had originally submitted to the court my own version of withdrawal from the conspiracy charge which the government objected to, and the court denied.... The government then proposed an alternative charge, and with that compromise in mind *I am agreeing with the government* to have the court charge the jury [emphasis added].

Jones' trial counsel subsequently asserted, however, that she had an exception "to not giving the exact words of the charge that [she] had requested" on withdrawal. Thus, the record is ambiguous on the question whether Jones preserved this issue for appeal. In any event, however, he would be entitled to argue that the withdrawal instruction given by the district court constituted plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993).

We perceive no error, plain or otherwise. The district court charged that Jones "must have taken some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy." This instruction corresponds with the rule in this circuit that:

In order to demonstrate withdrawal from a conspiracy, the defendant has the burden of proving "some act that affirmatively established that he disavowed his criminal association with the conspiracy ... and that he communicated his withdrawal to the co-conspirators." *United States v. Minicone*, 960 F.2d [1099, 1108] (2d Cir.), *cert. denied*, [—— U.S. ——, —— U.S. ——] 112 S.Ct. 1511, 113 S.Ct. 199 [117 L.Ed.2d 648, 121 L.Ed.2d 142] (1992) ] (citations omitted). "[M]ere cessation of conspiratorial activity is not enough" to satisfy this standard. *United States v. Nerlinger*, 862 F.2d 967, 974 (2d Cir.1988).

*United States v. Eisen*, 974 F.2d 246, 268 (2d Cir.1992) (alterations in *Eisen* ), *cert. denied*, —— U.S. ——, ——, ——, 113 S.Ct. 1619, 1840, 1841, 123 L.Ed.2d 178, 467 (1993); *see also United States v. LaMorte*, 950 F.2d 80, 84 (2d Cir.1991) (approving instruction that "the defendant must have taken some type of positive action to disavow or defeat the purpose of the conspiracy"), *cert. denied*, —— U.S. ——, 112 S.Ct. 1938, 118 L.Ed.2d 544 (1992).

*United States v. United States Gypsum Co.*, 438 U.S. 422, 463–64, 98 S.Ct. 2864, 2886–87, 57 L.Ed.2d 854 (1978), upon which Jones relies, is not to the contrary. On the facts in that case, the Court held that the considerably more rigid instruction which it disapproved "limited the jury's consideration to only two circumscribed and arguably impractical methods of demonstrating withdrawal from the conspiracy." 438 U.S. at 464, 98 S.Ct. at 2887 (footnote omitted). The instruction in this case is consistent with *Gypsum*'s immediately following observation that: "Affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators have generally been regarded as sufficient to establish withdrawal or abandonment." *Id.* at 464–65, 98 S.Ct. at 2887 (collecting authorities).

■ Jones also contends that the district court improperly relied upon a prior conviction to classify him as a career offender because that conviction was obtained in viola-

**52**

tion of his due process rights. Under the Supreme Court's recent decision in *United States v. Custis,* — U.S. —, — – —, 114 S.Ct. 1732, 1737–38, 128 L.Ed.2d 517 (1994), a defendant may not collaterally attack prior state court felony convictions during a federal sentencing hearing unless the defendant was deprived of counsel in the state court proceedings. *Cf. Nichols v. United States,* — U.S. —, —, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994) (uncounseled misdemeanor conviction may be used to enhance sentence for subsequent offense). Jones was represented by counsel in the prior action. Accordingly, this contention is unavailing.

We note that although the sentence enhancement in *Custis* was imposed pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), the Court separately considered the questions whether the ACCA "should be read to permit defendants to challenge the constitutionality of convictions used for sentencing purposes," [1] *Custis,* — U.S. at —, 114 S.Ct. at 1735, and whether "the constitution requires" that such challenges be permitted. *Id.* at —, 114 S.Ct. at 1737. Thus, the Court's independent constitutional ruling applies whether sentence enhancement is imposed pursuant to the ACCA, the Sentencing Guidelines (as in the instant case), or any other statutory scheme providing for sentence enhancement on the basis of prior felony convictions.

Finally, Jones argues that the District Court's sentence of 210 months on count three exceeds the statutory maximum of 120 months. *See* 18 U.S.C. § 924(a)(2). The government concedes that the sentence is incorrect. Consequently, the sentence must be vacated and the case remanded to the District Court with the direction to impose a sentence on count three that does not exceed the statutory maximum. *See United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.), *cert. denied,* — U.S. —, —, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993). The judgment of

---

1. Jones does not contend that the Guidelines provisions under which he was sentenced independently authorize a challenge to the prior felony convictions used for sentencing enhancement,

the district court is otherwise affirmed in all respects.

and no such contention could plausibly be made. *See* USSG §§ 4B1.1; 4B1.2(3); 4B1.2, comment. (nn. 3 & 4); 4A1.2, comment. (backg'd).