**UNITED STATES of America, Plaintiff,**

v.

**Miguel FERNANDEZ, a/k/a "Cesar Lemos," Defendant.**

**No. 92 CR 565.**

United States District Court, E.D. New York.

Dec. 19, 1994.

**562**

Zachary W. Carter, U.S. Atty. by Beth Wilkinson, Asst. U.S. Atty., E.D. New York, Brooklyn, NY, for plaintiff.

Henry J. Steinglass, New York City, for defendant.

### ORDER

KORMAN, District Judge.

The recommendation of the United States Magistrate Judge is adopted and the defendant's motion to disregard his prior conviction for sentencing purposes is denied for reasons stated in the carefully reasoned Report and Recommendation.

SO ORDERED

### REPORT AND RECOMMENDATION

MANN, United States Magistrate Judge:

Following a trial by jury before the Honorable Edward R. Korman, the defendant Miguel Fernandez, a/k/a "Cesar Lemos" ("defendant" or "Fernandez"), was found guilty on Count One of Indictment 92 CR 565, charging him with conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 3551 et seq. Prior to trial, the government had filed an information, pursuant to 21 U.S.C. § 851(a)(1), stating its intention to seek increased punishment by reason of Fernandez's prior conviction, to wit, a 1982 conviction in the Southern District of Florida, for possession of marijuana with intent to distribute it.

Following the jury's verdict of guilty in the present case, defendant moved to have his 1982 conviction disregarded for sentencing purposes, on the ground that the guilty plea underlying his prior conviction was not knowing and voluntary. By order dated July 22, 1994, the Honorable Edward R. Korman referred this matter to the undersigned for a report and recommendation regarding the validity of defendant's prior conviction.

For the reasons set forth below, it is the recommendation of this Court that defendant's motion to disregard his prior conviction for sentencing purposes be denied. First, pursuant to 21 U.S.C. § 851(e), Fernandez is barred from challenging the validity of his 1982 conviction, as it occurred more than five years prior to the filing of the government's section 851(a) information; contrary to Fernandez's claim, the five-year time limit in section 851(a) is constitutionally permissible. Second, even if his challenge were not barred by section 851(e), Fernandez has failed to establish the invalidity of his 1982 guilty plea. Accordingly, for either of these two independent reasons, Fernandez's challenge to his prior conviction should be rejected.

### FACTUAL BACKGROUND

Defendant's prior conviction was entered on the basis of his plea of guilty on July 12, 1982, before the Honorable Edward B. Davis, United States District Judge for the Southern District of Florida. Defendant, who was charged in that action as "Cesar Agudelo Lemos," acknowledged at the plea proceeding that he had received a copy of the indictment and had discussed the charges with his attorney, with whom he was satisfied. (Transcript of Change of Plea Proceedings in *United States v. Casey and Agudelo Lemos*, No. 82–85–CR–Davis, June 18, 1982 [hereinafter "Plea Tr."] at pp. 4–5, 14 [1]). After reviewing on the record the rights of defendant and his co-defendant and the consequences of their pleading guilty, the Court asked the prosecutor to summarize the government's evidence. (Plea Tr. 10). Before

---

**1.** A copy of the transcript is appended to the letter dated November 16, 1993, from defense counsel Henry J. Steinglass, Esq., to Judge Korman [hereinafter "11/16/93 Letter"].

the government did so, both the prosecutor and Fernandez's counsel agreed that this was a "stipulated proffer." (*Id.*)

The prosecutor then explained that on February 2, 1982, Coast Guard officers boarded a vessel in international waters and immediately detected the odor of marijuana; discovered 30,000 pounds of marijuana on board, some of it in plain view in the engine room; arrested "Agudelo Lemos" [Fernandez] and co-defendant Clarence Casey, who were on board the vessel; and obtained a post-arrest statement from Fernandez, who "stated that he was a crewman on the vessel and he knew the ship had marijuana on it." (*Id.* at 10–11.) When expressly asked by the Court if he agreed with the prosecutor's summary of the evidence, defendant responded: "Yes." (*Id.* at 11.)

The Court then read aloud a portion of the indictment, which alleged that the defendants "knowingly and intentionally possessed with intent to distribute approximately 30,000 pounds of marijuana. . . ." (*Id.* at 12.) When co-defendant Casey indicated that he had not understood what was read, his attorney interjected that the charge included aiding and abetting. (*Id.*) After asking Casey "[d]id you do that?," the Court then made the same inquiry of Fernandez, who initially replied: "No." (*Id.*) However, Fernandez's attorney then asked the Court to repeat the question. (*Id.* at 13.) Thereupon, the Court asked whether Fernandez "knowingly and intentionally possessed with the intent to distribute approximately 30,000 pounds of marijuana," or, "[i]f you didn't possess with intent to distribute it, you aided and abetted those who did possess with the intent to distribute." (*Id.*) Fernandez then stated both that he understood the Court's inquiry (*id.*) and that he definitely did those acts. (*Id.*) He then pleaded guilty to Count Three of the indictment, and acknowledged that there was no equivocation on his part. (*Id.* at 14.)

Judge Davis accepted Fernandez's plea, having concluded (*inter alia*) that defendant was "alert and intelligent," that he understood the "nature of the charge" against him, that he had the "advice and counsel of a competent lawyer," and that the government's proffer "contains all the elements of the crimes charged in Count III of the indictment." (*Id.*)

## DISCUSSION

I. *The Constitutionality of 21 U.S.C. § 851(e)*

Pursuant to 21 U.S.C. § 851(e), "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Fernandez's 1982 conviction occurred approximately ten years prior to the filing of the section 851 information in this case. Faced with this statutory bar to his challenge, Fernandez contends that the five-year statute of limitations embodied in section 851(e) is unconstitutional. Having reviewed the relevant caselaw, this Court cannot agree.

The identical argument was rejected by the late Judge Edward Weinfeld in *Cirillo v. United States*, 666 F.Supp. 613 (S.D.N.Y. 1987). After recounting the justifications for the five-year time bar, Judge Weinfeld concluded: "Section 851(e) is wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision." 666 F.Supp. at 616. The reasoning in *Cirillo* was later followed by the Eleventh Circuit in *United States v. Williams*, 954 F.2d 668, 673 (11th Cir.1992), which likewise held that "[s]ection 851(e)'s five-year limitation is reasonably tailored to impose enhanced sentences on recidivists."

Constrained to reject the reasoning of *Cirillo* and *Williams*, Fernandez relies instead on the Ninth Circuit's decision in *United States v. Davis*, 15 F.3d 902, 915–16 (9th Cir.1994), which struck down section 851(e) as unconstitutional. The Ninth Circuit did not dispute the existence of a reasonable basis for the statute's five-year time limit (*see* 15 F.3d at 916); rather, the Court in *Davis* reasoned that "[s]ince section 851(e)'s time-based classification affects such fundamental rights [in authorizing harsher sentences,] the classification must be justified by

a compelling government interest." 15 F.3d at 915–16. According to the Court in *Davis,* the government interests cited in *Cirillo* and *Williams*—albeit reasonable—were not "compelling." 15 F.3d at 916.

Contrary to the Ninth Circuit's analysis, criminal statutes that provide for enhanced punishment need not be subjected to such strict scrutiny. *See, e.g., United States v. Agilar,* 612 F.Supp. 889, 890 (S.D.N.Y.1985) (statute providing enhanced penalties upon conviction for selling narcotics within 1,000 feet of school "must only satisfy a test of rationality"). For that reason, in *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court rebuffed a constitutional challenge to a provision of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), which provides for enhancement of the sentence of a firearms possessor who "has three previous convictions . . . for a violent felony or a serious drug offense." The Supreme Court in *Custis* cited several justifications for the statutory bar upheld in that case: "[e]ase of administration" and "[t]he interest in promoting finality of judgments," particularly those based on guilty pleas. —— U.S. at ——, 114 S.Ct. at 1732.

After interpreting the ACCA provision to bar *all* collateral attacks on prior convictions (—— U.S. at ——, 114 S.Ct. at 1732), the Supreme Court rejected the defendant's claim that the statute was constitutionally infirm. *Id.* The Court concluded that, with the sole exception of convictions improperly obtained without counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack a prior conviction used for sentence enhancement purposes under the ACCA. Consequently, none of Custis' challenges to his prior convic-

tions—including his claim that "his guilty plea was not knowing and intelligent"—were cognizable under the ACCA, inasmuch as "[n]one of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." —— U.S. at ——, 114 S.Ct. at 1732.

The Court's broad rationale applies with equal force to all statutory provisions authorizing sentence enhancement based on prior convictions. Accordingly, in *United States v. Jones,* 27 F.3d 50 (2d Cir.1994), the Second Circuit rejected a constitutional challenge to an analogous sentence enhancement provision in the Sentencing Guidelines, USSG § 4B1.1; relying on *Custis,* the Second Circuit declared that the Supreme Court's "independent constitutional ruling applies whether sentence enhancement is imposed pursuant to the ACCA, the Sentencing Guidelines (as in the instant case), *or any other statutory scheme providing for sentence enhancement on the basis of prior felony convictions.*" 27 F.3d at 52 (emphasis supplied).[2]

Consistent with the Courts' decisions in *Custis* and *Jones,* Congress, in enacting 21 U.S.C. § 851(e), could have precluded collateral challenges to *all* prior convictions—whatever their age—except claims based on deprivation of counsel. It therefore follows that the less restrictive five-year time limit embodied in section 851(e) is constitutionally permissible.[3]

## II. *The Validity of Fernandez's Prior Conviction*

■ Even if section 851(e) were not a bar to defendant's motion, Fernandez's challenge to his 1982 conviction should nevertheless fail

---

**2.** Fernandez attempts to distinguish *Custis* and *Jones* on the ground that both cases involved challenges to prior state court convictions. According to Fernandez, the practical problems created by such collateral challenges are greater than in connection with prior federal convictions. However, whatever the validity of that assumption, the fact remains that both *Custis* and *Jones* upheld sentencing provisions that themselves permitted enhancement on the basis of either federal or state convictions. *See* 18 U.S.C. § 924(e)(2)(A) & (B); USSG §§ 4B1.1,

4B1.2. Thus, the factual distinction cited by Fernandez is one without legal significance.

**3.** For Fernandez to suggest that section 851(e) leaves defendants like him without any remedy is to ignore other possible avenues of recourse: Fernandez could have sought to vacate his plea in the Southern District of Florida on appeal, *see* Fed.R.Crim.P. 32(d), or could have mounted a collateral attack under 28 U.S.C. § 2255. *See Custis v. United States, supra,* —— U.S. at ——, 114 S.Ct. at 1732.

on the merits. When viewed in its entirety, the record demonstrates that Judge Davis adequately informed Fernandez of the charge against him and ascertained the existence of a factual basis for the plea. Accordingly, Fernandez has not established the invalidity of his prior conviction.[4]

Defendant contends that his 1982 guilty plea "was not knowing and voluntary because the defendant was not informed of the nature of the charge." (11/16/93 Letter, at p. 1.) Specifically, defendant faults Judge Davis for having failed to make further inquiry after Fernandez first answered "no" when asked if he had been an aider and abettor and then responded affirmatively when the Court rephrased the question. (*See id.* at p. 2.) Defendant contends that the plea minutes pose "substantial concerns that the defendant pleaded guilty under the mistaken notion that his mere presence aboard the ship was sufficient to render him guilty." (*Id.* at p. 3.)

Defendant's argument is based on a selective review of the transcript of the 1982 plea proceeding. Properly viewed in its entirety, the plea transcript establishes the following: Fernandez admitted to all the facts recited in the prosecutor's proffer, which included Fernandez's post-arrest admission that he had acted as crewman on a ship that he knew was transporting marijuana. (Plea Tr. 11.) The plea transcript further shows that in accordance with Fed.R.Crim.P. 11, Judge Davis enumerated the rights that Fernandez was relinquishing in entering his plea, explained the alternatives to a plea of guilty, and determined that the plea was not induced by any threats or promises. (Plea Tr. 5–10.)

The linchpin of defendant's challenge is his initial response of "no" when first asked if he "aided and abetted in violation of the Act." (*Id.* at 12.) However, when Fernandez's own attorney then asked the Court merely "to repeat the question that was asked" (*id.* at 13), Judge Davis then clarified that Fernandez would be permitted to plead guilty if he either possessed 30,000 pounds of marijuana with intent to distribute it or, if he did not possess the drugs, if he aided and abetted those who did. (*Id.*) In response to Judge Davis' clarification and follow-up questions, Fernandez acknowledged his complicity and pleaded guilty to Count Three. (*Id.* at 13–14.)[5]

The record therefore reflects that Fernandez's 1982 guilty plea was knowingly and voluntarily made. Notwithstanding Fernandez's momentary confusion when first confronted with the government's aiding and abetting theory, Judge Davis had before him sufficient uncontested (indeed acknowledged) facts from which to conclude that Fernandez was liable as an aider and abettor. Having ascertained that Fernandez had discussed Count Three with his attorney (Plea Tr. 5; *see id.* at 14), Judge Davis was not required to deliver "the equivalent of a jury charge" on each element of the offense. *United States v. Saft*, 558 F.2d 1073, 1079 (2d Cir. 1977).

A review of the Second Circuit's decision in *United States v. Lora*, 895 F.2d 878 (2d Cir.1990), confirms the validity of Fernan-

---

**4.** Section 851 does not specify the level of inquiry that applies to a defendant's challenge to a prior conviction. Section 851(c)(2) does provide that a defendant who challenges the constitutionality of a prior conviction "shall have the burden of proof by a preponderance of the evidence on any issue of fact" raised by the challenge. 21 U.S.C. § 851(c)(2). The statute is silent, however, as to whether the appropriate standard of review is the one applicable to direct challenges to convictions or the narrower standard applicable to collateral attacks. No caselaw has been found addressing this issue.

To succeed in collaterally attacking a prior conviction, a defendant must demonstrate that the earlier conviction was based either on a jurisdictional defect or a fundamental defect that inherently results in a miscarriage of justice or

that prejudices the defendant. *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979); *Hanson v. Passer*, 13 F.3d 275, 280–81 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 1859, 128 L.Ed.2d 482 (1994); *Del Vecchio v. United States*, 556 F.2d 106, 111 (2d Cir.1977). As explained below, the colloquy that occurred during Fernandez's 1982 guilty plea would not sustain a direct challenge to defendant's prior conviction; *a.fortiori*, Fernandez would be unable to satisfy the more onerous burden applicable to collateral challenges.

**5.** In light of defense counsel's request that Judge Davis repeat—not explain—the Court's question about aiding and abetting, it is a reasonable inference that those present at the plea proceeding understood that Fernandez simply had misheard the initial query.

dez's guilty plea. In *Lora*, the defendant pleaded guilty to laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 2. On direct appeal from his conviction, Lora claimed that the district court had not been provided with a factual basis for the plea and had failed to ensure that Lora understood the nature of the charges against him. In support of his challenge, Lora cited statements by him during the plea proceeding, to the effect that he *should have known* that the money he was handling had been derived from illegal sources. *See* 895 F.2d at 879. Claiming that a "reckless" mental state would not support a money-laundering conviction, Lora moved in the Court of Appeals to withdraw his plea. *Id.* at 880 & n. 2.

The Second Circuit rejected Lora's challenge to his conviction. In language equally applicable to the present case, the Court of Appeals concluded that Lora had been adequately informed of the nature of the charges and that a factual basis for the plea had been laid:

> While the colloquy at issue does, if viewed in isolation, arguably show that the defendant was uncertain of the charges against him, the record discloses that overall the court obtained Lora's clear acknowledgement that he understood the allegations and agreed to the factual basis for the plea....
>
> Most importantly, Lora and his counsel stipulated in open court to the factual proffer that set forth defendant's illegal conduct and intent. The factual statement recounted Lora's extensive involvement in the money laundering scheme as well as conduct and statements from which a jury could easily infer that Lora knew the money involved was from unlawful activity and knew the transaction was designed to conceal the identity of the transacting par-

ties.... Lora expressly acknowledged the truth of these allegations.

> ... Despite Lora's momentary equivocation, it appears there was a factual basis for Lora's plea and that Lora knowingly and voluntarily waived his right to make the government prove his guilt at trial. Lora does not specifically claim he misunderstood the charges against him. Even if the isolated colloquy to which he points arguably indicates a less than clear understanding on Lora's part, when viewed in its entirety, the record clearly demonstrates that Judge Cabranes adequately informed Lora of the charges against him and correctly established a factual basis for his plea.

895 F.2d at 881–82.

Here, as in *Lora*, the record of defendant's guilty plea, when read in its entirety, demonstrates a sufficiently knowing guilty plea by Fernandez and a factual basis for that plea.[6] Consequently, even if Fernandez's challenge to his 1982 conviction were not barred by section 851(e), the sentencing court would nevertheless be entitled to rely on that prior conviction in imposing an enhanced sentence in this case.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that defendant's motion to disregard his prior conviction for sentencing purposes be denied.

Any objections to the recommendations contained herein must be filed in writing with the Honorable Edward R. Korman on or before *October 25, 1994.* *See* 28 U.S.C. § 636(b)(1)(C). Failure to file objections in a timely manner may waive a right to appeal the District Court order.

---

**6.** The cases on which Fernandez relies are inapposite, as the plea minutes in each of those cases revealed a factual recitation by the defendant that expressly negated his knowledge or intent. *See, e.g., Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258–59, 49 L.Ed.2d 108 (1976); *Godwin v. United States,* 687 F.2d 585, 587 (2d Cir.1982). Here, in contrast, Fernandez acknowledged the facts alleged by the prosecutor, which established both his *mens rea* and his involvement (as crewman) in the offense. *See United States v. Contractor,* 926 F.2d 128, 133–34 (2d Cir.), *cert. denied,* 502 U.S. 838, 112 S.Ct. 123, 116 L.Ed.2d 91 (1991) (rejecting defendant's challenge to his guilty plea to a conspiracy charge, where defendant had not disputed the portion of the indictment that linked him to other co-conspirators).

Dated:   Brooklyn, New York
         October 11, 1994