101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Carlos A. Osorio and Angel A. Balbas, Defendants-Appellants.
 Nos. 95-1533, 95-1661.
 United States Court of Appeals, Second Circuit.
 May 8, 1996.
 
 1
 APPEARING FOR APPELLANTS: Moira E. Casey, Douglaston, New York, for Carlos A. Osorio.
 
 
 2
 Stuart J. Grossman, Forest Hills, New York, for Angel A. Balbas.
 
 
 3
 APPEARING FOR APPELLEE: Leonard Lato, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 
 
 4
 E.D.N.Y.
 
 
 5
 AFFIREMD.
 
 
 6
 Before VAN GRAAFEILAND, MAHONEY and WALKER, JJ.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the district court be and they hereby are AFFIRMED.
 
 
 9
 1. Defendants-appellants Carlos A. Osorio and Angel A. Balbas appeal from judgments entered September 19, 1995 and November 20, 1995, respectively, in the United States District Court for the Eastern District of New York. Osorio and Balbas each pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846.
 
 
 10
 2. Both defendants entered plea agreements with the government in which they agreed not to appeal any sentence imposed within the applicable Guideline range as determined by the district court. Nevertheless, at the sentencing colloquy, Judge Spatt erroneously told the defendants that they could appeal "mistake[n]" sentencing determinations. Therefore, we proceed to the merits of Balbas' and Osorio's appeals.
 
 
 11
 3. Balbas argues that the district court erred in failing to reduce his base offense level under the United States Sentencing Guidelines by four levels because Balbas played a minimal role in the crime. See USSG § 3B1.2(a). The district court instead gave him only a two-level reduction for having played a minor role. Because Balbas acceded at trial to receiving only a two-level reduction, we review the district court's finding for plain error. See United States v. Keppler, 2 F.3d 21, 23 (2d Cir.1993). Even if, as Balbas claims, his role was merely that of a courier for Osorio in the distribution of the heroin, this does not necessarily mean that Balbas was entitled to a four-level minimal role, or even a two-level minor role, reduction, see United States v. Shonubi, 998 F.2d 84, 90 (2d Cir.1993), and the district court did not commit plain error in concluding, with Balbas' explicit agreement, that Balbas' participation was minor instead of minimal.
 
 
 12
 4. Balbas also contends that the district court erred in refusing to grant his motion for a downward departure due to extraordinary family circumstances. Because the district court denied Balbas' motion as an exercise of its discretion, the denial is not reviewable on appeal. See United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert. denied, 115 S.Ct. 259, 267 (1994).
 
 
 13
 5. Osorio argues that the district court erred by raising his criminal history by two points pursuant to USSG § 4A1.1(d) for having committed the offense while on probation, and that his trial counsel was ineffective for failing to raise this issue. Osorio contends that his sentence of three years probation for his prior conviction in New York State court for driving while ability impaired was not authorized by New York law, and that the district court in the present case should therefore have ignored it. But the Supreme Court has held that a defendant generally may not relitigate a state conviction for purposes of a federal sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), see Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994), and this Court has extended that holding to preclude collateral attacks on state convictions for purposes of a federal sentence enhancement under the Guidelines, see United States v. Jones, 27 F.3d 50, 52 (2d Cir.) (per curiam), cert. denied, 115 S.Ct. 377 (1994). Moreover, unlike in Custis and Jones, Osorio does not even allege that the error in his prior New York trial constituted a constitutional violation. Because the district court's § 4A1.1(d) enhancement was proper, Osorio's counsel was not deficient for having failed to raise the issue.
 
 
 14
 6. Osorio also claims that the district court erred by failing to reduce his offense level because Osorio was a minor participant in the crime. See USSG § 3B1.2(b). Because the record indicates that Osorio alone negotiated the heroin sale to the informants, and was closely involved with every aspect of the transaction, the district court did not err in concluding that Osorio was not "less culpable than most other participants." USSG § 3B1.2(b), comment n. 3.
 
 
 15
 7. Osorio finally argues that he received ineffective assistance of counsel based upon his attorney's failures (1) adequately to discuss the presentence investigation report with Osorio, (2) to request a minor role sentence reduction, and (3) to object to consideration of certain prior misdemeanor convictions. Osorio's trial counsel was adequate. His failure to move for a sentence reduction might have been motivated by a desire to avoid a hearing which would indicate that an enhancement was more appropriate. Osorio has failed to satisfy his burden of showing either that the conduct of his attorney fell below an objective standard of reasonableness, or that but for such conduct Osorio's sentence would have been different. See United States v. Caputo, 808 F.2d 963, 966-67 (2d Cir.1987).